## 29656. SMITH v. THE STATE.

GUNTER, Justice.

This is an appeal from an order of the Superior Court of Hall County dismissing appellant's "Petition for a Writ of Error Coram Nobis" filed against the State of Georgia on December 12, 1974. The petition alleged that appellant had been convicted and sentenced "by the Court of this District" for the offense of robbery in October, 1944, and that the conviction was invalid under Gideon v.

Wainwright, 372 U. S. 335 (1963) and Pickelsimer v. Wainwright, 375 U. S. 2 (1963). The petition alleged that appellant was being prejudiced by the existence of the conviction on his record and prayed that it be "set aside and declared invalid." The petition, brought pro se, also stated: "Petitioner would show into the court that he is a layman with no previous education in the study of law. For this reason begs this Court for excuse of non-fatal error and will accept this petition, if not in the proper form, as an application for correction of a constitutionally fatal error on a past conviction."

In dismissing the petition, the trial court gave four reasons: That any error in the trial court in 1944 was an error of law, not of fact; that writ of error coram nobis would not lie; that the petition could not be treated as one for writ of habeas corpus because appellant was incarcerated in the United States Penitentiary in Atlanta; and that the sentence imposed in 1944 had long since been completed.

In *Parris v. State,* 232 Ga. 687 (208 SE2d 493) (1974), Parris filed a "Writ of Error Coram Nobis in Forma Pauperis" in the Superior Court of Fulton County. He was at that time incarcerated in the United States Penitentiary in Atlanta. He sought to set aside his 1948 Fulton Superior Court conviction for burglary, the sentence for which had been fully served or otherwise terminated, on the ground that Gideon and Pickelsimer had been violated. The trial court denied the relief sought. This court reversed. This court held that a writ of error coram nobis would not lie because the error asserted was one of law, not of fact; that habeas corpus would lie to attack a void judgment; that the case was not rendered moot by completion of the sentence; and that Parris' pleading could be considered a petition for writ of habeas corpus because it was filed "in the county of his detention."

In *Atkins v. Hopper,* 234 Ga. 330 this court held that a felony conviction is a per se restraint of liberty and may be attacked as void by petition for writ of habeas corpus irrespective of any other particular prejudice to the convicted person.

*Parris* and *Atkins* resolve all but one of the issues in

the case at bar. Appellant's petition stated no claim for relief by writ of error coram nobis, but it did state a claim for relief by writ of habeas corpus. The name given to the petition by appellant is not binding on him. Since appellant is not incarcerated by Georgia authorities, his petition, treated as one for writ of habeas corpus, may be filed against the state. The question that remains unanswered is whether such petition can be filed in Hall County, the place where he was convicted and sentenced, instead of in Fulton County, the place where he is detained by federal authorities.

A person who is being restrained under a sentence of a state court of record must file his petition in the county where he is detained. Code Ann. § 50-127(3). *Neal v. State,* 232 Ga. 96 (205 SE2d 284) (1974). This rule applies even if the sentence being attacked is not the one being served, that is, even if a future consecutive sentence is being attacked. The place where the petitioner is detained is the most convenient place for him to get into court. Furthermore, there is no point in making jurisdiction or venue distinctions which would trap pro se petitioners.

In the present case, petitioner is not serving a state sentence. Therefore, he must bring the petition "where the illegal detention exists." Code § 50-103. Under *Atkins,* supra, a person who is not incarcerated anywhere can attack an old conviction, and in such a case the place of restraint, the equivalent of "illegal detention," would be the place of conviction. That is where the record ultimately will have to be corrected if the petitioner prevails.

But when a petitioner is restrained of his liberty within the federal penal system in the State of Georgia, the venue of his action against the state, in the nature of habeas corpus, is in the superior court of the county where he is incarcerated by federal authorities. *Parris v. State,* supra.

Judgment of the trial court was correct.
*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 7, 1975 — DECIDED MAY 6, 1975.

Frederick C. Smith, *pro se.*
*Jeff Wayne, District Attorney,* for appellee.