## 39986. HUGHES v. THE STATE.

MARSHALL, Presiding Justice.

Jeffery Hughes was convicted of the murder of Alonza Davis in Tift County and sentenced to life imprisonment. His appointed attorney has filed a motion to withdraw from the case on the basis that any appeal would be frivolous. He has filed a brief outlining possible contentions of Hughes on appeal. Hughes has been provided with a copy of this brief. We grant counsel's motion and dismiss the appeal. Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967).

We have carefully reviewed the record and transcript in this case and conclude that the jury was authorized to find the following. The

victim, together with relatives and acquaintances, patronized the Unionville Club, located on the corner of Wilton Avenue and Peachtree Street, Tifton (Tift County), Georgia, during the early morning hours of May 23, 1982. The defendant was not seen inside the club. When the facility closed for the night, the customers congregated outside the club to arrange transportation home. Julius Goins' two-door Chevrolet was parked heading westward on Peachtree Street with the passenger door facing the home of Sam Alexander. Goins entered his vehicle, planning to drive the victim home, and the victim entered the vehicle on the passenger side. A street light illuminated the area. The defendant was observed two blocks from the club, holding a butcher knife. He began to run from Peachtree Street into some bushes, and did not respond when a witness spoke to him. He then ran out from behind the bushes in Mr. Alexander's yard; ran to the passenger side of Goins' parked automobile, striking it with his knee; and fatally stabbed the victim in the right shoulder with the butcher knife through the open window. Neither the defendant nor the victim spoke to the other, and, after the stabbing, the defendant ran back up Peachtree Street. The type of blood on the knife (retrieved from the back seat of the vehicle) matched that of the victim's blood (which had a blood-alcohol level of .13 grams percent alcohol). An intoximeter test of the defendant registered .09 grams percent blood alcohol.

The defendant's version of the stabbing is that, during the early morning hours of May 23, 1982, the victim hit him and threatened him; that he was stunned from the blow to the head, and went home; that he obtained a butcher knife at home, came back to the scene of the crime, and stabbed the victim, but was not trying to kill him.

The court charged the jury as to voluntary manslaughter, felony murder and malice murder. The jury found the defendant guilty of murder.

Counsel for the defendant, in his brief in support of the motion to withdraw, raises three possible errors which might be raised on appeal. The first of these is the court's allowing in evidence the defendant's statement to the police, made while he was allegedly under the influence of alcohol. It was shown at the Jackson v. Denno hearing that, although the defendant had drunk several beers and had a .09 grams percent blood-alcohol level, he told the officers that he understood the Miranda warnings given him. After telling them that he could read and write, he signed a waiver-of-rights form. When the officers discovered his ingestion of alcohol, they gave him the intoximeter test and asked him questions to determine coherence and comprehension before taking his statement, which he wrote out in his own handwriting. Since the preponderance of the evidence

showed that, although the defendant may have been somewhat under the influence of alcohol, he was clearly not "drunk," and was capable of understanding what was said to him — the trial judge did not abuse his discretion in allowing the statement in evidence. *Stapleton v. State,* 235 Ga. 513, 516 (220 SE2d 269) (1975) and cits.

The second possible enumeration of error raised by counsel is the court's allowing in evidence a photograph of the victim's body, taken at the autopsy, over the objection that it had no probative value and was inflammatory. Photographs of the body of the victim are, within certain limits not exceeded here, admissible to show the location and nature of wounds, even if they are cumulative of other testimony and evidence (*Mize v. State,* 240 Ga. 197 (1) (240 SE2d 11) (1977)) and are designed to inflame and prejudice the jury. *McCorquodale v. State,* 233 Ga. 369 (5) (211 SE2d 577) (1974) and cits.

The third and final possible error raised is the admission in evidence of the murder weapon, on the ground of insufficient chain-of-custody proof. This consideration has been removed from the identification of discrete and recognizable physical objects such as this butcher knife. See *Terry v. State,* 130 Ga. App. 655, 656 (204 SE2d 372) (1974) and cit. Moreover, the evidence here was marked and identified, and the chain of custody was proved.

Having considered the transcript and record in this case, we find that the evidence meets the requirements of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The motion of counsel to withdraw is granted.

*Motion granted; appeal dismissed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

*Perry & Perry, David W. Perry,* for appellant.

*Thomas H. Pittman, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Staff Assistant Attorney General,* for appellee.