## 45424. GILES v. FORD.
(368 SE2d 318)

CLARKE, Presiding Justice.

Giles, a prisoner in the state system, attempted to file a pro se in forma pauperis petition for habeas corpus in Muscogee County Superior Court. The court disallowed the filing based on OCGA § 9-15-2 (d). That section permits a trial court to deny the filing of a pro se in forma pauperis complaint after determining that on its face the pleading completely lacks justiciable law or fact. Giles maintains that this statute does not apply to habeas petitions, because OCGA § 9-14-41 et seq ". . . provides the exclusive procedure for seeking a writ of habeas corpus for persons whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record." OCGA § 9-14-41.

1. Any limitation upon the right to the writ of habeas corpus must be reviewed in light of the United States constitutional protection of the privilege to the writ. Art. I, Sec. IX. The Georgia legislature enacted the state habeas corpus chapter to expand the scope of state habeas thereby bringing it into accord with the federal constitutional privilege to federal habeas corpus. OCGA § 9-14-40. Under the expanded view in this chapter, the assumption is that a prisoner should have wide latitude in filing a petition for habeas corpus. For example, a petition may not be dismissed for failure to comply with technical procedural requirements. *Mitchell v. Forrester,* 247 Ga. 622 (278 SE2d 368) (1981).

We have held habeas corpus proceedings subject to the CPA only to the extent of the mechanical procedures listed in OCGA § 9-11-81. For example, the CPA governs the sufficiency of pleadings, admissibility of evidence under the petition as drawn and amendments to the petition. *Johnson v. Caldwell,* 229 Ga. 548 (192 SE2d 900) (1972). The issue here involves not the question of how to proceed, but rather the more critical question of whether the petitioner may proceed. OCGA § 9-15-2 (d) is not incorporated into the CPA, nor is it in accord with the spirit set forth in the habeas corpus chapter which affirms and expands prisoners' right of access to the courts. We do not believe that this section was meant to apply to habeas corpus proceedings; therefore, a court may address a petition for habeas corpus only after it has been filed.

2. Giles also attacked the constitutionality of OCGA § 9-15-2 (d) on equal protection grounds. Since we have decided the case through statutory construction, we do not at this time reach the issue of the

statute's constitutionality.

*Judgment reversed and remanded. All the Justices concur.*

Decided May 26, 1988.

Oliver Giles, *pro se.*

Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General, for appellee.

Long, Weinberg, Ansley & Wheeler, Ben L. Weinberg, Jr., Daniel M. Jennings, amicus curiae.