### 45774. McNABB v. ESPOSITO.
(372 SE2d 219)

WELTNER, Justice.

McNabb petitioned for a writ of habeas corpus, which was dismissed without affording to McNabb an opportunity to appear.

---

The habeas corpus court considered his claims of insufficiency of the evidence and found that they had been decided adversely to McNabb on direct appeal. The court considered claims concerning the indictments, accusations, jury composition, and jury charges and found that they had not been raised in a timely manner, and were barred by procedural default. The court considered grand and traverse jury statistical analyses offered by McNabb, and found no ground for relief. The court considered McNabb's allegation that the failure to raise these issues earlier constituted ineffective assistance of counsel, and found that the claim was but a restatement of the earlier claims. The court found that "no showing of 'cause' and 'prejudice' or a likelihood of a miscarriage of justice can be shown by the Petitioner."

We held in *Mitchell v. Forrester*, 247 Ga. 622, 623 (278 SE2d 368) (1981), that "[o]nly when the habeas court is able to determine from the face of the petition that it is without merit is it appropriate to dismiss the petition without a hearing." [1]

In *Black v. Hardin*, 255 Ga. 239, 240 (336 SE2d 754) (1985), we held:

> [A]n otherwise valid procedural bar will not preclude a habeas corpus court from considering alleged constitutional errors or deficiencies if there shall be a showing of adequate cause for failure to object or to pursue on appeal *and* a showing of actual prejudice to the accused. Even absent such a showing of cause and prejudice, the relief of the writ will remain available to avoid a miscarriage of justice where there has been a substantial denial of constitutional rights.

Here, the habeas court considered McNabb's claims, found them to be without merit, and, applying the appropriate criteria required under *Black v. Hardin*, found that the facts support no cause and prejudice exception to the procedural bar.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 23, 1988.

Glyndal Wayne McNabb, *pro se.*

Michael J. Bowers, Attorney General, William B. Hill, Jr., Senior Assistant Attorney General, Dennis R. Dunn, Assistant Attorney

---

[1] *Giles v. Ford*, 258 Ga. 245 (368 SE2d 318) (1988), concerns a court's refusal to permit the filing of a petition for habeas corpus, and is inapplicable.

*General,* for appellee.