## S00A1790. HICKS v. SCOTT.
### (541 SE2d 27)

SEARS, Justice.

This Court granted petitioner William Shane Hicks's application for a certificate of probable cause to appeal the habeas court's order denying the filing of Hicks's petition for habeas corpus relief. Because the habeas court incorrectly concluded that it was without jurisdiction to decide the petition and that the petition did not assert valid grounds for habeas relief, we reverse and remand.

Petitioner is presently incarcerated in the United States Penitentiary in Atlanta serving a 63-month sentence for bank robbery, imposed in May 1996 by the United States District Court. Petitioner also is under a probationary sentence from Catoosa County for a 1992 guilty plea to a separate robbery. Petitioner's 1992 conviction was used to enhance his federal sentence.

Proceeding pro se, petitioner filed a habeas corpus petition in the Superior Court of Fulton County, alleging that the District Court's use of his 1992 Catoosa County conviction to enhance his federal sentence was improper, because the 1992 conviction occurred due to the ineffective assistance of counsel and due to an involuntary plea based

upon the erroneous advice of counsel. Petitioner named as respondents to his petition the prison warden and the State. The habeas court entered an order denying filing of the habeas petition under OCGA § 9-15-2 (d), stating that because petitioner is a federal prisoner seeking to sue federal prison authorities, his petition was without any justiciable issue of law or fact from which the requested relief could be granted. In its order denying filing, the habeas court failed to "correctly inform[ ] . . . [petitioner] of the proper procedure for obtaining appellate review of its order."[1] Therefore, this matter is distinguished from *Fullwood v. Sivley*.[2]

OCGA § 9-15-2 (d) permits a trial court to deny the filing of a pro se complaint after determining that on its face the pleading completely lacks justiciable issues of law or fact. This Court has previously held, however, that this Code section does not apply to petitions for habeas corpus relief.[3] Moreover, the merits of a habeas corpus petition may only be addressed by a court after the petition has been filed.[4] Thus, the habeas court erred in this matter by reviewing the merits of petitioners' pleading before filing and determining that under section 9-15-2 (d), the merits were void of justiciable issues, thereby warranting dismissal.

Furthermore, the habeas court incorrectly concluded that it was without jurisdiction to afford petitioner the requested relief. When an inmate is incarcerated in a federal prison located in Georgia, venue for any habeas corpus action filed by that inmate against the State is in the superior court for the county in which he is being held by federal authorities.[5] Because in this matter the petitioner sought to file his action against federal prison authorities **and** the State, the superior court's finding that it lacked jurisdiction was erroneous.

Finally, to the extent that the habeas court might have concluded that it did not have jurisdiction over the petition because the issues raised therein were not cognizable in a habeas corpus proceeding, our precedent shows otherwise. Properly raised allegations of ineffective assistance of counsel are routinely addressed by habeas courts in this State, and present a colorable claim for habeas corpus relief.[6]

Accordingly the habeas court's order denying filing of petitioner Hicks's petition for habeas corpus relief is reversed, and this matter is remanded to the habeas court for further proceedings consistent

---

[1] *Fullwood v. Sivley*, 271 Ga. 248, 249 (517 SE2d 511) (1999).

[2] Id.

[3] *Giles v. Ford*, 258 Ga. 245 (368 SE2d 318) (1988).

[4] Id.

[5] OCGA § 9-14-43; see *Smith v. State*, 234 Ga. 390, 392 (216 SE2d 111) (1975).

[6] See *Ryan v. Thomas*, 261 Ga. 661 (409 SE2d 507) (1991).

with this opinion.[7]

*Judgment reversed and remanded. All the Justices concur, except Carley and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.

As the majority recognizes, this appeal results from this Court's grant of Appellant's application for a certificate of probable cause. However, Justice Hines and I dissented to the grant of the application, because it was undisputed that the same was not timely filed. Under the controlling precedent of *Fullwood v. Sivley*, 271 Ga. 248, 250-251 (517 SE2d 511) (1999), this Court did not then have and does not now have any jurisdiction whatsoever because the habeas petitioner failed to comply with the statutory requirement that an application for certificate of probable cause be timely filed. Furthermore, we have no authority to waive enforcement of this jurisdictional mandate. *Fullwood v. Sivley*, supra at 251-254. As justification for its selective disregard of *Fullwood*, the majority cites only a factual distinction. Unlike in *Fullwood*, supra at 249, the order entered in this case does not contain any information regarding "the proper procedure for obtaining appellate review. . . ." However, the inclusion of that information in the *Fullwood* order was gratuitous because there is no requirement that a habeas court inform the losing party of the applicable procedure for invoking this Court's jurisdiction. Habeas corpus is in the nature of a civil remedy, and the unsuccessful party is entitled only to the same assistance in obtaining appellate review as any other losing civil litigant. Compare *Murphy v. Balkcom*, 245 Ga. 13 (262 SE2d 784) (1980) (informing criminal defendant of right to appeal conviction and sentence). Inclusion of the information regarding appeal was unnecessary in *Fullwood*, and the absence of such information here does not authorize us to find that we have jurisdiction when none exists. *Fullwood* differs on its particular facts, but its holding sets forth the legal principles which are controlling in this appeal. Thus, the majority has once again transformed the issue of jurisdiction in habeas cases into a matter for the exercise of its discretion. See *Waldrip v. Head*, 272 Ga. 572, 580-583 (532 SE2d 380) (2000) (Carley, J., dissenting). However, it is incumbent upon us to enforce all jurisdictional requirements equally and fairly. "This Court is not at liberty 'to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error.' [Cit.]" *Fullwood v. Sivley*, supra at 249.

The improper grant of a certificate of probable cause in a case

---

[7] On remand and any appeal taken therefrom, this matter will be subject to the applicable procedural requirements of *Fullwood v. Sivley*, supra.

where we have no jurisdiction cannot itself invest us with jurisdiction over the ensuing appeal. It is our "duty to raise and resolve questions pertaining to [our] jurisdiction *whenever* there is any doubt concerning whether such jurisdiction exists." (Emphasis supplied.) *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745, 746 (1) (524 SE2d 464) (1999). I dissent to the judgment of reversal and remand, just as I previously dissented to the grant of the untimely application for certificate of probable cause. Jurisdiction has not existed at any time during this Court's consideration of this case, up to and including today's decision.

I am authorized to state that Justice Hines joins in this dissent.

DECIDED JANUARY 22, 2001.

*Bruce S. Harvey*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General*, for appellee.