## S01A0144. HUGHES v. SIKES.
### (546 SE2d 518)

CARLEY, Justice.

After a jury found Jeffery Hughes guilty of malice murder, the trial court sentenced him to life imprisonment. In *Hughes v. State*, 251 Ga. 393 (306 SE2d 242) (1983), this Court granted appellate counsel's *Anders* motion and dismissed the appeal as frivolous. Hughes later filed a pro se habeas corpus petition. On April 29, 1999, the habeas court denied the petition. Hughes mailed to the clerk's office a timely notice of appeal, and requested filing. On May 20, 1999, however, the deputy clerk returned the notice of appeal to Hughes, accompanied by a letter informing him that he must correct and resubmit it along with a certificate of service. Thereafter, he apparently resubmitted the notice of appeal, but the clerk declined to file it because it was untimely. Hughes filed in this Court a timely application for a certificate of probable cause. Since his application did not contain a notice of appeal, we requested the clerk to transmit it to us. Upon receipt of the notice of appeal submitted on May 10, we granted a certificate of probable cause in order to determine whether the habeas court clerk's office erred by refusing to file that document.

1. "In habeas corpus cases, the General Assembly has determined that the unsuccessful petitioner must timely file *both* a notice of appeal *and* an application for a certificate of probable cause. . . ." (Emphasis in original.) *Fullwood v. Sivley*, 271 Ga. 248, 250 (517

SE2d 511) (1999). Although the notice of appeal must be filed in the court below, this Court alone has the authority to determine whether such filing is sufficient to invoke its jurisdiction. See generally *Saxton v. Coastal Dialysis & Medical Clinic*, 267 Ga. 177 (476 SE2d 587) (1996). In making this determination, we are bound by OCGA § 5-6-30, which provides that the Appellate Practice Act (APA) "shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case . . . , except as may be specifically referred to in this article." Insofar as the sufficiency of the notice of appeal is concerned, the APA specifically provides

> [w]here it is apparent from the notice of appeal . . . what judgment or judgments were appealed from . . . , the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from. . . .

OCGA § 5-6-48 (f). Consistent with these enactments, we have consistently "follow[ed] the route . . . toward less technical and more expeditious handling of cases involving minor procedural errors." *Steele v. Cincinnati Ins. Co.*, 252 Ga. 58, 59-60 (311 SE2d 470) (1984).

The habeas court clerk's duty to file a notice of appeal is ministerial in nature, and it was beyond her duty or power to concern herself with the legal viability of a notice presented to her for filing. See *Orr v. Culpepper*, 161 Ga. App. 801, 804 (288 SE2d 898) (1982). By rejecting Hughes' timely notice of appeal, the clerk of the habeas court, in effect, determined its legal insufficiency and then undertook to dismiss the appeal. In so doing, she usurped this Court's authority to determine its own jurisdiction.

2. The notice of appeal filed by Hughes on May 10 contains his name, indicates that the Warden is the opposing party, specifies the case number and that the appeal involves an adverse ruling in his habeas corpus action. This notice of appeal satisfies the requirements of the APA and, in conjunction with the timely application for a certificate of probable cause, is sufficient to confer jurisdiction over the case upon this Court. See OCGA §§ 5-6-30, 5-6-48 (f); *Steele v. Cincinnati Ins. Co.*, supra.

3. The habeas court's order fails to make the requisite findings of fact and conclusions of law required by OCGA § 9-14-49. Accordingly, the order is vacated and the case is remanded with direction that a new order be entered which contains the findings and conclusions supporting the ruling of the habeas court. See *Harper v. State*, 229 Ga. 843 (195 SE2d 26) (1972).

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED MAY 7, 2001.

Jeffery Hughes, *pro se.*

Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General, for appellee.