## S01H0493. WILLIAMS v. ZANT.
(558 SE2d 3)

*All the Justices concur, except Carley, Thompson and Hines, JJ., who would dismiss.*

CARLEY, Justice, dissenting.

"[T]his Court has the duty to determine its jurisdiction over any case brought before it. [Cits.]" *Sprayberry v. Dougherty County*, 273 Ga. 503-504 (1) (543 SE2d 29) (2001). The Warden filed a motion to dismiss this case, and thereby formally invoked our mandatory obligation to ascertain the existence of jurisdiction. We are "bound to examine [our] jurisdiction ([cit.]). . . . " *Day v. Stokes*, 268 Ga. 494 (491 SE2d 365) (1997). However, the majority simply ignores the motion and does not fulfill its responsibility to "address issues of appellate jurisdiction when necessary." *Warren v. Bd. of Regents of the University System of Ga.*, 272 Ga. 142, 143 (527 SE2d 563) (2000). The majority does not state a jurisdictional basis for its resolution of the merits of this case, and I submit that none exists. Only by ignoring the Warden's motion to dismiss can the Court reach the merits and enter the order denying the application for certificate of probable cause. Until recently, "[t]his Court has always refused to sanction a practice which requires that it ignore jurisdictional statutes and abandon its role as disinterested decision-maker. [Cit.]" *Fullwood v. Sivley*, 271 Ga. 248, 254 (517 SE2d 511) (1999). We should continue to adhere to established jurisdictional principles, and this appeal should be dismissed.

In *Williams v. State*, 251 Ga. 749 (312 SE2d 40) (1983), we affirmed Petitioner's convictions and sentences. Thereafter, he sought the writ of habeas corpus and, on July 10, 1998, the habeas court denied the petition. Petitioner timely filed both an application for a certificate of probable cause and a notice of appeal from *that* order, thereby initiating an appeal which was docketed in this Court as Case Number S99H0137. On July 8, 1999, we disposed of *that* case by entering an order, the text of which stated:

> Because we conclude that the habeas court erred in ruling that the applicant, Wayne Williams, waived the claims that he did not include in his proposed final order, we remand the case to the habeas court for it to address those issues.

This can only be construed as a final order in Case Number S99H0137, as the remittitur unequivocally noted that Petitioner's certificate of probable cause was "granted" and that the case was "remanded with direction."

At least until today, we have consistently "held that an appellate court's jurisdiction over a case '(is) at an end after the remittitur therefrom (has) been filed in the office of the (court below)'. . . . [Cit.]" *Chambers v. State,* 262 Ga. 200, 201 (2) (415 SE2d 643) (1992). Thus, this Court lost jurisdiction over Petitioner's original case when the remittitur in Case Number S99H0137 was filed in the habeas court. When our jurisdiction ended, " 'the resumption of jurisdiction by [the habeas] court follow[ed] immediately upon the reception by its clerk of the remittitur from (this) court.' [Cit.]" *Chambers v. State,* supra at 201 (2). In exercising that reinvested jurisdiction in order to comply with our direction, the habeas court entered a new order on June 9, 2000 which again denied the petition. From *this* order, Petitioner filed an application for a certificate of probable cause. This application, filed 187 days after the June 9, 2000 order, must be considered timely because this Court granted four separate extensions of time at the request of petitioner's attorney of record. However, he did not file a timely notice of appeal. Since his former appeal in Case Number S99H0137 obviously was no longer pending in this Court, Petitioner's attempt to appeal from the habeas court's order of June 9, 2000 was docketed as Case Number S01H0493. Since that case lacks a timely filed notice of appeal, this Court has *no* jurisdiction to address the merits of the order entered on remand. "[I]f the notice of appeal required by OCGA § 9-14-52 (b) is untimely, then the merits of the appeal cannot be reached. [Cits.]" *Fullwood v. Sivley,* supra at 252. Thus, this case must be dismissed in accordance with the enactments of the General Assembly and the dictates of controlling precedent.

The majority's consideration of the merits of this case is contrary to the longstanding principle that jurisdiction over a case cannot exist simultaneously in the appellate and trial court. *Chambers v. State,* supra. See also *Zorn v. Lamar,* 71 Ga. 85, 87 (1) (1884). Thus, we lost jurisdiction over Case Number S99H0137 when the remittitur in that appeal was filed in the habeas court, and it was absolutely necessary that our jurisdiction over Case Number S01H0493 be invoked by the timely filing in this Court of an application for a certificate of probable cause *and* a notice of appeal in the habeas court. Petitioner filed a timely application, but he did not file a timely notice of appeal. "This Court is not at liberty 'to ignore jurisdictional and procedural statutes and rules, and to change its role from disinterested decision-maker to appellate advocate reviewing a trial record for error.' [Cit.]" *Fullwood v. Sivley,* supra at 249.

In response to the motion to dismiss, Petitioner urges that we consider Case Number S01H0137 as an out-of-time appeal, because the failure to file the mandatory notice of appeal is attributable to his attorney's oversight. However, the right to counsel extends only through the direct appeal of a criminal conviction. *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999); *Paino v. State*, 263 Ga. 331 (435 SE2d 24) (1993). Thus, if, as the result of ineffective assistance of counsel, a criminal defendant has been denied the right to bring a direct appeal from his convictions and sentences, he would be entitled to an out-of-time appeal. *McAuliffe v. Rutledge*, 231 Ga. 745 (204 SE2d 141) (1974). However, Petitioner is not "[a] criminal defendant who has lost his right to appellate review of his conviction due to error of counsel. . . . [Cits.]" *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). His convictions and sentences have already been reviewed and affirmed. *Williams v. State*, supra. Petitioner is simply an unsuccessful applicant for habeas corpus relief, and habeas is a civil, not a criminal, remedy. *Green v. Caldwell*, 229 Ga. 650, 651 (1) (193 SE2d 847) (1972). A habeas petition initiates a collateral proceeding, which was never intended to serve as a substitute for direct review or for the relitigation of the case. *Gibson v. Turpin*, supra at 857 (1). Since Petitioner does not have a *constitutional* right to counsel who will pursue a collateral civil action, he does not have an ineffective assistance of counsel claim based upon his attorney's failure to properly invoke appellate review of the habeas court's order. See *Mathes v. Mathes*, 267 Ga. 845 (483 SE2d 573) (1997). See also *Gibson v. Turpin*, supra.

We have "a constitutional obligation to enforce OCGA § 9-14-52 (b) according to its terms. . . ." *Fullwood v. Sivley*, supra at 254. The Court today violates that obligation by addressing the merits of a case over which it unquestionably lacks jurisdiction, and in which the appellee has filed a meritorious motion to dismiss. No one disputes that this Court itself must obey the mandate of the constitutional, statutory and decisional law which it exists to apply and enforce. Because the majority chooses not to do so in this case, I must dissent.

I am authorized to state that Justice Thompson and Justice Hines join in this dissent.

ORDERED DECEMBER 14, 2001 —
RECONSIDERATION DENIED FEBRUARY 4, 2002.

*Lynn H. Whatley, Michael L. Jackson,* for appellant.
*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland,*

*Deputy Attorney General*, for appellee.