## S00R0971. ALDERMAN v. HEAD.
(559 SE2d 72)

ORDER OF THE COURT.

Upon consideration of the Application for Certificate of Probable Cause to appeal the denial of habeas corpus, it is ordered that it be hereby denied.

*All the Justices concur, except Carley, Thompson and Hines, JJ., who dissent.*

CARLEY, Justice, dissenting.
Because Alderman seeks to appeal from the denial of his petition

for a writ of habeas corpus, he must comply with OCGA § 9-14-52. Under that statute, the invocation of this Court's jurisdiction requires the timely filing of both a notice of appeal and an application for a certificate of probable cause. *Fullwood v. Sivley*, 271 Ga. 248, 250 (517 SE2d 511) (1999). Petitioner did not satisfy the statutory mandate and, thus, this Court has no jurisdiction to consider the appeal. The majority, however, chooses to ignore its lack of jurisdiction, and disposes of the case on the merits. In my opinion, this appeal must be dismissed in accordance with the enactments of the General Assembly and the dictates of controlling precedent.

Alderman murdered his wife in 1974. He was sentenced to death, and this Court affirmed. *Alderman v. State*, 241 Ga. 496 (246 SE2d 642) (1978). He subsequently obtained federal habeas relief as to the sentence and, at a new trial, the jury again sentenced him to death. That sentence was affirmed. *Alderman v. State*, 254 Ga. 206 (327 SE2d 168) (1985). Thereafter, Petitioner instituted numerous unsuccessful state and federal habeas actions. This case involves the most recent of his petitions, which was brought in 1994 and the habeas court denied on December 29, 1999. After the denial of habeas relief, he filed a timely application for a certificate of probable cause. However, he did not file a notice of appeal until March 2, 2000. That is approximately two months too late to comply with the 30-day filing requirement established by OCGA § 9-14-52 (b). Thus, he did not satisfy those "jurisdictional conditions which must be met by the party seeking to appeal, and which the appellate court must enforce. [Cit.]" *Fullwood*, supra at 251.

The majority does not cite any authority to support its resolution of the merits of this case. Although the Warden did not file a motion to dismiss, this Court has an independent duty to establish its jurisdiction in any case wherein its existence is in question. *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995). At all times, Alderman was represented by counsel, so any exception previously extended to pro se applicants does not apply here. Compare *Massaline v. Williams*, 274 Ga. 552 (554 SE2d 720) (2001); *Hicks v. Scott*, 273 Ga. 358 (541 SE2d 27) (2001). It is immaterial that the failure to file a timely notice of appeal is attributable to the attorney, since Petitioner has no constitutional right to any legal representation in this collateral, civil proceeding. See *Gibson v. Turpin*, 270 Ga. 855 (513 SE2d 186) (1999). See also *Williams v. Zant*, 274 Ga. 704 (558 SE2d 3) (2001) (Carley, J., dissenting). Alderman is sentenced to die, but the General Assembly has not provided that the petitioner in a capital habeas case is excused from compliance with the applicable procedural requirements that all others must meet. "[T]he right of appeal is not absolute, but is one based upon the conditions imposed by the General Assembly for bringing cases to the appellate courts." *Fife v.*

*Johnston*, 225 Ga. 447 (169 SE2d 167) (1969). Death may be different, but, for the difference to have any jurisdictional significance, the General Assembly must so provide.

Until recently, "[t]his Court has always refused to sanction a practice which requires that it ignore jurisdictional statutes and abandon its role as disinterested decision-maker. [Cit.]" *Fullwood*, supra at 254. However, this appeal is now the latest in a series of decisions in which a majority of this Court has disregarded its jurisdictional limitations and violated its "constitutional obligation to enforce OCGA § 9-14-52 (b) according to its terms." *Fullwood*, supra at 254. See *Williams*, supra; *Massaline*, supra; *Hicks*, supra. OCGA § 9-14-52 (b) is not a mere procedural technicality. "[I]f the notice of appeal required by OCGA § 9-14-52 (b) is untimely, then the merits of the appeal cannot be reached. [Cits.]" *Fullwood*, supra at 252. "[T]here is no federal or state constitutional right to bring an appeal. 'Instead, the right of appeal depends upon statute.' [Cit.]" *Fullwood*, supra at 250. Thus, the concepts of due process and fundamental fairness do not authorize this Court to evade compliance with the applicable law of this State.

Petitioner murdered his wife almost three decades ago. His present appeal has now been pending in this Court almost two years. Because of this inexplicable delay, the Attorney General understandably was forced to file a motion requesting that this Court comply with its obligation under OCGA § 9-14-52 (b) to "either grant or deny the application within a reasonable time. . . ." In truth, this appeal should and would have been dismissed long ago, had the majority not insisted upon abrogating its constitutional responsibility so as to consider the merits of contentions that it has no jurisdiction to address. " ' "To say that jurisdiction may be lodged in the supreme court in any other manner than that provided by the plain words of the statute amounts to judicial legislation." (Cit.)' [Cit.]" *Massaline*, supra at 560 (Carley, J., dissenting). Because dismissal is the only proper disposition of this case, I dissent to the order resolving the merits.

I am authorized to state that Justice Thompson and Justice Hines agree that this case should be dismissed, but do not join in this opinion.

ORDERED JANUARY 10, 2002 —
RECONSIDERATION DENIED FEBRUARY 11, 2002.

*Thomas H. Dunn*, for appellant.

*Thurbert E. Baker, Attorney General, Allison B. Vrolijk, Assistant Attorney General,* for appellee.