S08A0989. THOMAS v. THE STATE.
(667 SE2d 375)

BENHAM, Justice.

Appellant Derek Lee Thomas was indicted for violating the Georgia Controlled Substances Act on March 7, 1989. On May 1, 1989, he entered a guilty plea and was sentenced to seven years in prison. Fourteen years later, on May 20, 2003, appellant petitioned, pro se, for habeas relief in regard to his state conviction which was later used to enhance a sentence he received in a subsequent federal prosecution. On April 23, 2007, the habeas court issued an order denying appellant's request for habeas relief. The court's order was devoid of any statement of facts or conclusions of law as required by OCGA § 9-14-49. We granted the application for certificate of probable cause to examine the issue of whether appellant waived his right to pursue state habeas relief when he entered into his federal plea deal. We now vacate the habeas order and remand to the habeas court with direction.

1. We address initially the question of our jurisdiction. Appellant's notice of appeal and his application for certificate of probable cause were not filed within the requisite 30 days following the entry of the habeas order denying relief. Such untimeliness typically subjects the appeal to dismissal. *Fullwood v. Sivley,* 271 Ga. 248, 249-251 (517 SE2d 511) (1999). However, "before a habeas appeal will be treated as being subject to dismissal for procedural irregularities, it must be established that the petitioner was informed of the proper appellate procedure." *Capote v. Ray,* 276 Ga. 1 (1) (577 SE2d 755) (2002). In the present case, the habeas court's order only referred appellant to OCGA § 9-14-52. Based on our decisions in *Capote v. Ray,* supra, and *Hicks v. Scott,* 273 Ga. 358 (541 SE2d 27) (2001), the mere reference to the statute outlining the procedure to be followed to appeal the denial of habeas relief is an insufficient method by which to notify a habeas petitioner of the proper procedure to obtain appellate review. See also *Harris v. State,* 278 Ga. 280,

282 (600 SE2d 592) (2004) (in concurrence Chief Justice Fletcher noted that a certificate of probable cause will not be dismissed as untimely if petitioner was not "explicitly" informed of the "appropriate appellate procedure").[1] Accordingly, this procedural defect is not fatal to appellant's appeal. *Capote v. Ray*, supra, 276 Ga. at 2.

2. OCGA § 9-14-49 requires habeas courts to "make written findings of fact and conclusions of law upon which the judgment is based." If a habeas court enters an order denying relief, but fails to make the requisite findings of fact and conclusions of law, the case must be vacated and remanded with instruction to the habeas court to enter a new order that complies with OCGA § 9-14-49. *Hughes v. Sikes*, 273 Ga. 804 (3) (546 SE2d 518) (2001). The order at issue here contains no indication of the facts or law upon which the habeas court based its decision. Because the order does not meet the requisites of OCGA § 9-14-49, it is vacated and the case is remanded to the habeas court for issuance of an order compliant with OCGA § 9-14-49.

*Judgment vacated and case remanded with direction. All the Justices concur, except Carley, Hines and Melton, JJ., who dissent.*

CARLEY, Justice, dissenting.

In Division 1 of its opinion, the majority correctly cites the seminal case of *Fullwood v. Sivley*, 271 Ga. 248 (517 SE2d 511) (1999) for the proposition that the untimeliness of an application for certificate of probable cause or a notice of appeal from the denial of habeas relief ordinarily "subjects the appeal to dismissal. [Cit.]" (Maj. op. p. 327.) However, the majority then completely disregards the fact that *Fullwood* is wholly indistinguishable from this case.

As the majority correctly recognizes, this Court has held that, "before a habeas appeal will be treated as being subject to dismissal for procedural irregularities, it must be established that the [pro se] petitioner was informed of the proper appellate procedure." *Capote v. Ray*, 276 Ga. 1, 2 (1) (577 SE2d 755) (2002). Applying this rule, *Capote* and *Hicks v. Scott*, 273 Ga. 358, 359 (541 SE2d 27) (2001) addressed the merits of a habeas appeal, but did so only after expressly distinguishing *Fullwood*. In this case, however, Thomas was informed of the proper appellate procedure in precisely the same

---

[1] An example of a habeas court's explicit instruction to a habeas petitioner regarding the appropriate appellate procedure is as follows: "If petitioner desires to appeal this Order, petitioner must file an Application for Certificate of Probable Cause to Appeal with the Supreme Court of Georgia within 30 days from the date of the filing of this Order. Petitioner must also file a Notice of Appeal with the Clerk of Superior Court of _____ County within the same 30-day period."

manner as the habeas petitioner in *Fullwood*. In *Fullwood*, supra at 249, "the habeas court informed [the petitioner], within the text of the order, that his right to appeal was governed by OCGA § 9-14-52." Likewise, in the final order here, the habeas court stated that Thomas "is hereby notified that his appellate rights concerning this decision are governed by OCGA § 9-14-52." OCGA § 9-14-52 (b) provides that an unsuccessful habeas petitioner who desires to appeal must file both an application for certificate of probable cause with the clerk of this Court within 30 days from the entry of the order denying relief and a notice of appeal with the clerk of the habeas court within the same period. "Accordingly, the habeas court correctly informed [Thomas] of the proper procedure for obtaining appellate review of its order. [Cit.]" *Fullwood v. Sivley*, supra.

Contrary to the majority opinion, neither *Capote* nor *Hicks* rejected the method, utilized in *Fullwood*, of informing the petitioner of the proper procedure for obtaining appellate review by referring to the statute outlining that procedure. The single-Justice concurrence on which the majority also relies did not cite *Fullwood*, did not address the method used in that case and, obviously, could not constitute authority for rejecting the holding of that case. *Harris v. State*, 278 Ga. 280, 282 (600 SE2d 592) (2004) (Fletcher, C. J., concurring).

The majority acknowledges that neither the application for certificate of probable cause nor the notice of appeal was timely filed. Therefore, this appeal is not authorized and should be dismissed. *Fullwood v. Sivley*, supra at 255. "We do not ignore jurisdictional statutes in cases wherein the appellant has chosen, for whatever reason, to proceed pro se." *Fullwood v. Sivley*, supra at 253. Because the majority has ignored OCGA § 9-14-52, even though Thomas was specifically informed pursuant to *Fullwood* that that particular statute governs his appellate rights, I must respectfully dissent to the judgment vacating the habeas court's order and remanding the case with direction.

I am authorized to state that Justice Hines and Justice Melton join in this dissent.

DECIDED SEPTEMBER 22, 2008.

*Sarah L. Gerwig-Moore*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, David K. Getachew-Smith, Assistant District Attorneys*, for appellee.