## S10A0063. JOHNSON v. ROBERTS.

(694 SE2d 661)

HUNSTEIN, Chief Justice.

We granted Terry Eric Johnson a certificate of probable cause to appeal the denial of his petition for writ of habeas corpus to consider whether Johnson was entitled to habeas relief on the ground that his guilty plea attorney was ineffective for affirmatively misinforming him regarding his parole eligibility. For the reasons that follow, we conclude the habeas court erred by holding that Johnson was not affirmatively misinformed regarding his parole eligibility but we vacate and remand the case for the habeas court to determine whether, but for counsel's deficiency, there is a reasonable probability that Johnson would have proceeded to trial rather than pled guilty.

> To prove ineffective assistance of counsel in connection with a guilty plea, a defendant must prove that his counsel was deficient, and that absent the deficiency, there is a reasonable probability that he would have proceeded to trial rather than pleading guilty. . . . The proper standard of review [of the habeas court's ruling] requires that we accept the habeas court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.

(Citations and punctuation omitted.) *Upton v. Johnson,* 282 Ga. 600, 601-602 (652 SE2d 516) (2007). The record in this case establishes that, in November 1996, Johnson entered a negotiated plea of guilty to crimes he committed in February 1996, namely, armed robbery and possession of a firearm by a convicted felon, in exchange for a sentence of "20 years to serve" on the armed robbery charge.[1] The transcript of the guilty plea hearing reflects that Johnson specifically asked whether he would "do the straight twenty [years], or do just ten off the twenty." In response, Johnson's counsel stated that he had explained to Johnson that an armed robbery charge "carries a mandatory minimum of ten years, and after that, as far as I know,

---

[1] A five-year concurrent sentence was imposed on the firearm possession charge. Other counts, including a recidivist count for a prior burglary conviction, were dismissed.

it's parol[]able. . . . I also told him it was not a fixed twenty years. You don't have to stay twenty years. That's up to . . . the State Board of Pardons and Paroles." Although defense counsel was correct regarding the ten-year mandatory minimum sentence for armed robbery, see OCGA § 16-8-41 (b), counsel's other information was unquestionably incorrect because armed robbery is one of the serious violent felonies, OCGA § 17-10-6.1 (a) (2), and subsection (c) (4) of that statute mandates that the full sentence imposed for a first conviction of armed robbery be served without reduction by parole or any other sentence-reducing measures.[2]

The habeas court correctly recognized that defense counsel gave wrong advice to appellant regarding parole. However, citing *Rios v. State*, 281 Ga. 181 (2) (637 SE2d 20) (2006), the habeas court found that Johnson failed to prove that he was prejudiced by counsel's deficient performance based on its determination that the trial court in statements to Johnson had corrected counsel's wrong advice. This finding by the habeas court was clearly erroneous. The transcript of the guilty plea hearing reflects that the trial court informed Johnson that the Board of Pardons and Parole "determines how long you [serve]" and that "nobody's here telling you how long it's going to be, 'cause nobody in this room knows." However, as established by OCGA § 17-10-6.1 (c) (4), the State Board of Pardons and Parole is expressly denied the authority to reduce the length of a term-of-years sentence imposed for an armed robbery conviction and, pursuant to that same unambiguous statutory language, both the trial court and counsel should have known that Johnson was categorically ineligible for any parole and would have to serve the entire 20-year sentence. The trial court's information thus did not serve to correct the erroneous advice given by defense counsel but instead misleadingly reinforced that erroneous advice by indicating to Johnson that uncertainty existed as to the amount of time he would be required to serve.

We therefore hold that Johnson carried his burden of establishing that his defense counsel performed deficiently by affirmatively misleading Johnson regarding his parole eligibility. After applying the relevant legal principles to the facts in this case, we further hold that the habeas court clearly erred when it found Johnson was not prejudiced by defense counsel's deficient performance because that erroneous finding was based on the habeas court's mistaken conclu-

---

[2] No question exists that OCGA § 17-10-6.1 applied to Johnson. See generally *Campbell v. State*, 268 Ga. 44 (4) (485 SE2d 185) (1997) (OCGA § 17-10-6.1 of the Sentence Reform Act of 1994 became effective January 1, 1995, after ratification by the voters of Georgia at the 1994 November general election of an amendment to Art. IV, Sec. II, Par. II of the Georgia Constitution of 1983).

sion that the trial court had corrected defense counsel's error.

The record reveals that, after making this mistaken conclusion about the trial court's so-called correction, the habeas court in its order included the statement that Johnson "has failed to satisfy the prejudice prong . . . [by] fail[ing] to demonstrate that there is a reasonable probability that, but for counsel's erroneous advi[c]e about parole, he would not have pled guilty and would have insisted on going to trial." This is the relevant inquiry for prejudice in cases such as this one involving the effect of counsel's misinformation regarding parole eligibility. See *Hill v. Lockhart*, 474 U. S. 52, 59 (106 SC 366, 88 LE2d 203) (1985); *Davis v. Murrell*, 279 Ga. 584, 585 (619 SE2d 662) (2005). However, none of the written findings of fact in the habeas court's order address this issue notwithstanding Johnson's statements at the habeas hearing indicating what he would have done had he been informed correctly about his parole eligibility.[3] Moreover, the habeas court's conclusions of law regarding prejudice are based solely upon *Rios v. State*, supra, 281 Ga. at 182 (2), which addresses the lack of prejudice that occurs when counsel's misinformation is corrected by a trial court and thus did not reach the issue of the prejudicial effect of the misinformation. Accordingly, it appears both from the record of the habeas hearing[4] and from the habeas court's order that its prejudice prong analysis was focused upon the so-called corrective statements made by the trial court at Johnson's guilty plea hearing rather than upon the question whether Johnson would have chosen to go to trial had he been properly informed that he was categorically ineligible for parole. We decline Johnson's request to resolve this question de novo on a cold record. Instead, we vacate and remand this case to the habeas court with instruction to enter a new order consistent with this opinion and containing the requisite findings of fact and conclusions of law. See OCGA § 9-14-49; *Thomas v. State*, 284 Ga. 327 (2) (667 SE2d 375) (2008).

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED APRIL 19, 2010.

---

[3] For example, before Johnson was sworn, he argued to the habeas court that "[i]f they wanted me to bring the whole 20 years, sir, I could've went [sic] to jury trial and maybe fight this case," and, after being sworn, testified, inter alia, that he was "tricked" and "misled" by counsel who "made me take" the guilty plea because he failed to tell Johnson that he would have to serve a "mandatory 20."

[4] This is also reflected in the transcript of the habeas hearing, where Johnson was repeatedly directed by questions to explain why the trial court's various statements did not "correct" that misinformation.

*Martin Snow, Stuart E. Walker, Sarah L. Gerwig-Moore*, for appellant.

*Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.