## S11A0448. EDWARDS v. THE STATE.
(707 SE2d 335)

PER CURIAM.

Oliver W. Edwards sought a certificate of probable cause to appeal from the denial of his petition for a writ of habeas corpus in which he challenged his June 1994 conviction for violation of the Georgia Controlled Substances Act, which conviction was affirmed on direct appeal, see *Edwards v. State*, 224 Ga. App. 332 (480 SE2d 246) (1997). This is the second appearance of this habeas corpus case before the Court. In February 2009, we granted a certificate of probable cause to appeal and by order remanded the case with direction that the habeas court "hold a hearing that is transcribed, see OCGA § 9-14-50 [and] address all the grounds raised in the petition," which had been incorrectly dismissed as untimely pursuant to OCGA § 9-14-42 (c). *Edwards v. State*, S08H2146 (February 23, 2009). Following remand, the habeas court scheduled a hearing, but it was unclear from the record filed with this Court whether the hearing actually took place, and the Fulton County Superior Court Clerk advised this Court's Clerk of Court that no hearing had been held.[1] Regardless, the habeas court entered a written order denying the petition. Edwards timely and properly filed a second notice of

---

[1] On motion for reconsideration, the Respondent asserts that the Fulton County Clerk erroneously informed this Court that no hearing had been held and, as proof, produced a copy of the written transcript of a hearing held on February 24, 2009. But the hearing was not transcribed and certified by the court reporter until November 29, 2010 and the record before

appeal in the habeas court and a second application for certificate of probable cause to appeal in this Court. We again granted the certificate of probable cause to appeal, and we again remand the case to the habeas court, this time by opinion to explain our rationale.

Notwithstanding this Court's admonition on the first remand, there was no transcript of a hearing in the record of the proceedings that was originally transmitted to this Court on petitioner's second appeal. In a habeas corpus proceeding brought by persons "whose liberty is being restrained by virtue of a sentence imposed against them by a state court of record," OCGA § 9-14-41, it is statutorily mandated that "[a]ll trials . . . shall be transcribed by a court reporter designated by the superior court hearing the case." OCGA § 9-14-50. This provision is mandatory rather than directory. Without such a transcript, the merits of the habeas court's final order cannot be reached by this Court. In accordance with the foregoing legislative mandate, we hold that a habeas corpus petitioner is entitled to have the hearing of his case transcribed by a court reporter and that an indigent petitioner is entitled to have the transcript of the hearing prepared at the expense of the State. To the extent that *York v. Jarvis*, 248 Ga. 774 (286 SE2d 296) (1982) and *Shaw v. Jones*, 226 Ga. 291 (1) (174 SE2d 444) (1970) suggest otherwise, they are overruled.

Although on motion for reconsideration, the Respondent has now shown that a hearing was held and transcribed, the purpose of requiring a transcribed hearing is not fulfilled where, as in this case, the transcript was not available to assist the parties in preparing and opposing the application for a certificate of probable cause to appeal or to assist the Court in considering the application in the first instance. Therefore, we vacate the habeas court's order denying the petition for habeas corpus and remand this case with direction that the habeas court ensure that the record is complete and accurate and that it reflects that the petitioner has been served with a copy of the transcript to which he is entitled. Thereafter, the habeas court should enter an order on the merits of the habeas corpus petition. Should the habeas court again deny the petition, it is directed to advise the petitioner regarding the proper procedure to appeal that order, see *Hicks v. Scott*, 273 Ga. 358 (541 SE2d 27) (2001).

Finally, we take this opportunity to direct all habeas corpus courts henceforth to provide certification on the record that an indigent petitioner has been provided with a copy of the habeas

---

this Court was not supplemented with the hearing transcript until December 1, 2010 – nine days after the Court issued its original opinion in this case.

hearing transcript at the State's expense, and the manner and date such service was effectuated.

*Judgment vacated and case remanded with direction. All the Justices concur.*

DECIDED JANUARY 14, 2011.

Oliver Edwards, *pro se.*

*Paul L. Howard, Jr., District Attorney, Paige R. Whitaker, Assistant District Attorney*, for appellee.