**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 19, 2016**

# In the Court of Appeals of Georgia

A16A1618. THE STATE v. WALSH.

MERCIER, Judge.

The State appeals the trial court's exclusion of the results of a Horizontal Gaze Nystagmus Test (HGN) conducted on James Roy Walsh, who was charged with DUI (less safe) and other traffic violations. In its sole enumeration of error the State argues that irregularity in the administration of the HGN test went to the weight of the test results and not its admissibility. We agree, and reverse.

In June 2015, Officer Snively of the Brookhaven Police Department encountered Walsh on Buford Highway in DeKalb County. Officer Snively observed a car stopped in the roadway with its brake lights on, but not its headlights. Officer Snively approached the car and observed that it was running, the gear shift was in drive, and Walsh was asleep in the driver's seat. Officer Snively, who is trained in DUI detection,

proceeded to investigate Walsh to determine if he was under the influence of alcohol. As part of his investigation, Officer Snively administered an HGN evaluation on Walsh. After Officer Snively medically cleared Walsh to participate in the HGN evaluation, he administered the test. Officer Snively testified that, based on the results of the test, Walsh's blood-alcohol level was above the legal limit and he was impaired.

At the hearing on his motion to suppress the HGN test results, Walsh argued that Officer Snively's failure to ask him to remove his glasses during the test rendered the test results inadmissible. After a hearing on the motion, the trial court excluded the HGN test results. The trial court found that the State failed to show by a preponderance of the evidence that the HGN test was administered properly. This appeal followed.

In reviewing a ruling on a motion to suppress "the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994) (citations omitted). Here, the evidence as to Officer Snively's administration of the test is uncontroverted, and

Officer Snively's credibility has not been questioned. Walsh argues that the facts are disputed; but this is erroneous. The manner in which the test was conducted is not in dispute, nor is Officer Snively's testimony. The only dispute is over the validity of the test results based on the administration of the test, and whether this rendered the results of the test inadmissible. Accordingly, we utilize a de novo standard of review.

Viewed in this light, the evidence shows that Officer Snively stated he generally has people remove their eyeglasses before conducting an HGN evaluation. Further, he admitted that he conducted the HGN test on Walsh while he had his glasses on, and it would have been a better practice to instruct Walsh to remove his glasses. Officer Snively testified that it was a substantial deviation from his training to fail to remove Walsh's glasses before he administered the HGN test. However, Officer Snively also testified that he did not see any reflections of light in Walsh's glasses, and that the glasses did not impair his ability to read Walsh's responses to the test and would not have an effect on the interpretation of the test. Officer Snively also testified that he was ultimately able to make a fair evaluation of the six clues, all of which were validated.

In evaluating the admissibility of an HGN test, two findings are necessary: " (1) the general scientific principles and techniques involved are valid and capable of producing reliable results, and (2) the person performing the test substantially

3

performed the scientific procedures in an acceptable manner." *State v. Tousley*, 271 Ga. App. 874, 876 (1) (a) (611 SE2d 139) (2005) (citations and punctuation omitted). With regard to the first determination, "we have held that the HGN test is an accepted, common procedure that has reached a state of verifiable certainty in the scientific community. . . and is admissible as a basis upon which an officer can determine that a driver was impaired by alcohol." Id. at 878 (1) (b) (i) (citation and punctuation omitted).

With regard to the second determination we have held that HGN tests should be administered under law enforcement guidelines. See *Hawkins v. State*, 223 Ga. App. 34, 38 (1) (476 SE2d 803) (1996). To make such a showing "the State may have the arresting officer testify both as a fact witness, regarding how he or she administered and interpreted the test, and as an expert witness, giving an opinion that he or she administered and interpreted the test properly under law enforcement guidelines." *State v. Tousley* at 880 (1) (b) (ii). Here, Officer Snively testified that although it would have been better practice for him to ask Walsh to take off his glasses, the glasses would have no effect on his interpretation of the test. Thus, Officer Snively functioned as both a fact witness and an expert witness with respect to whether the HGN test was administered under law enforcement guidelines. "Absent

4

a fundamental error, such as one affecting the subject's qualification for the HGN test, evidence of the possibility of error goes only to the weight of the test results, not to their admissibility." *Parker v. State*, 307 Ga. App. 64, 61 (2) (704 SE2d 438) (2010) (punctuation and footnote omitted).

Here, Officer Snively testified that Walsh exhibited all six validated clues for which the HGN tests. Under law enforcement guidelines, "a score of four out of six clues on an HGN test constitutes evidence of impairment." *Tousley* at 880 (1) (b) (ii). Walsh has failed to present any evidence as to how having his glasses remain on his face during the HGN would have made the test invalid. Instead, he insists that "[s]imple logic would demand that an eye following a stimulus would have to adjust or jerk as it passed thick black eye glass frames." However, he presents no evidence whatsoever that this is the case, and thus he cannot overcome Officer Snively's testimony that "I was still able to make a fair observation of the six validated clues."

Accordingly, the record does not support a finding that Officer Snively did not substantially comply with applicable law enforcement guidelines with respect to administering the HGN test. See *Parker,* supra at 64. Thus, the evidence that Walsh's glasses remained on while the HGN was administered goes to the weight of the test

results, not their admissibility. See Id. Therefore, the ruling of the trial court excluding the results of the HGN test is reversed.

Walsh also contends that the State violated OCGA § 5-7-1 (a) (5), and so its appeal should be dismissed. He argues that the State failed to file a valid certification to the trial court pursuant to OCGA § 5-7-1 (a) (5) (B), because it included its certification in the body of its notice of appeal. Although the notice of appeal was filed in the court below, it is the appellate court who "alone has the authority to determine whether such filing is sufficient to invoke its jurisdiction." *Hughes v. Sikes*, 273 Ga. 804, 805 (1) (546 SE2d 518) (2001). Nothing in OCGA § 5-7-1 (a) (5) prohibits the State from filing a certification pursuant to OCGA § 5-7-1 (a) (5) (B) in the same document as its notice of appeal. Thus, we conclude that the State's notice of appeal was effective, and jurisdiction is properly before this Court. See *State v. Brown*, 333 Ga. App. 643, 646-647 (1) (777 SE2d 27) (2015).

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*