# Court of Appeals
# of the State of Georgia

ATLANTA,  February 01, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1086.  BOBBY ALEXANDER HUNTER v. THE STATE.**

In 2015, Bobby Alexander Hunter pleaded guilty to armed robbery, first-degree burglary, two counts of aggravated assault, two counts of false imprisonment, and possession of a firearm or knife during the commission of a felony. He was sentenced to a total term of imprisonment of 30 years with the first 13 to serve in prison and the remainder on probation. There is no record that Hunter filed a direct appeal.

On November 16, 2017, Hunter filed a "motion to correct illegally imposed sentences," arguing, in pertinent part, that the trial court improperly imposed consecutive sentences of five years' probation for his convictions for one count of false imprisonment and possession of a firearm or knife during the commission of a felony. He maintained that the court should have imposed concurrent sentences for these two convictions, because these are lesser included offenses arising out of the same conduct as his other convictions. Hunter filed a separate motion arguing that he was entitled to a sentence reduction because he had no prior convictions for a serious violent felony. In a single order, the trial court denied Hunter's motions, concluding that his sentences were not void and Hunter was not entitled to a sentence reduction. However, the court amended his total sentence to reflect that all sentences should run concurrently. Hunter then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence only if the defendant raises

a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013).

Here, Hunter argues that he is entitled to a reduction in his sentence because this represents his first conviction for a serious violent felony. However, a 20-year prison sentence for armed robbery is a punishment the law allows. See OCGA § 16-8-41 (b). Further, "armed robbery is one of the serious violent felonies, OCGA § 17-10-6.1 (a) (2), and subsection (c) (4) of that statute mandates that the full sentence imposed for a first conviction of armed robbery be served without reduction by parole or any other sentence-reducing measures." *Johnson v. Roberts*, 287 Ga. 112, 113 (694 SE2d 661) (2010).

Because Hunter has not raised a valid void-sentence claim, he is not entitled to a direct appeal. Accordingly, this appeal is hereby DISMISSED for lack of jurisdiction.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, __02/01/2018__
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , *Clerk.*