## S12A0328. CROSSON v. CONWAY.

(728 SE2d 617)

CARLEY, Chief Justice.

After being indicted for certain theft crimes, Appellant Maureen Carole Crosson, who was a prisoner acting pro se, filed a pre-trial petition for writ of habeas corpus. On July 27, 2011, the habeas court entered a final order granting a motion to dismiss filed by the Sheriff and denying the habeas petition, but did not inform Appellant of the proper appellate procedure for obtaining review of that order. Although Appellant did not request any extension of time, she filed, on September 12, 2011, a notice of appeal in the habeas court and an application for discretionary review in this Court. We granted that application to determine the jurisdictional issue of whether the holding in *Hicks v. Scott*, 273 Ga. 358 (541 SE2d 27) (2001), preventing an appeal by a pro se prisoner in a post-conviction habeas case from being dismissed for failure to comply with certain appellate procedural requirements unless he was correctly informed of those requirements, should be extended to pre-trial habeas cases and whether that holding in *Hicks* should be overruled.

1. An application for discretionary appeal pursuant to OCGA § 5-6-35 is required to obtain review of an order on a pre-trial habeas petition filed by a prisoner. *Brown v. Crawford*, 289 Ga. 722 (715 SE2d 132) (2011) (construing the Prison Litigation Reform Act). A failure to meet the statutory deadline for filing a discretionary application, which is 30 days under OCGA § 5-6-35 (d) plus any proper extensions pursuant to OCGA § 5-6-39, is a jurisdictional defect. *Gable v. State*, 290 Ga. 81, 82 (2) (a) (720 SE2d 170) (2011) (untimely application for discretionary appeal from the denial of an extraordinary motion for new trial). The failure to comply with the discretionary appeal procedures of OCGA § 5-6-35 is likewise a jurisdictional defect compelling dismissal where, as here, the discretionary application is required by virtue of the Prison Litigation Reform Act. *Harris v. State*, 278 Ga. 805, 806 (1) (606 SE2d 248) (2005); *Chambers v.*

*Abellana*, 237 Ga. App. 698 (515 SE2d 884) (1999); *Brown v. Levine*, 235 Ga. App. 63 (508 SE2d 449) (1998).

Furthermore, "[w]e do not ignore jurisdictional statutes in cases wherein the appellant has chosen, for whatever reason, to proceed pro se." *Fullwood v. Sivley*, 271 Ga. 248, 253 (517 SE2d 511) (1999).

> [C]ourts have "no authority to create equitable exceptions to jurisdictional requirements" imposed by statute. [Cit.] Instead, Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal.

*Gable v. State*, supra at 85 (2) (b). "[A] criminal defendant has a constitutional right to the effective assistance of counsel for his first appeal of right . . . ." *Gable v. State*, supra. However, there is no federal or state constitutional right to appeal from an adverse order in a habeas corpus proceeding in the absence of compliance with appellate jurisdictional requirements, nor is there any constitutional right to counsel in a habeas proceeding or on application to appeal a ruling therein. *Fullwood v. Sivley*, supra at 252; *Gibson v. Turpin*, 270 Ga. 855, 857 (1) (513 SE2d 186) (1999). See also *Gable v. State*, supra at 86 (2) (c).

Thus, compliance with OCGA § 5-6-35 cannot be excused for failure to inform Appellant of its requirements, and the holding in *Hicks* therefore cannot be applied in this pre-trial habeas case. Accordingly, the application for discretionary review filed by Appellant was subject to dismissal as untimely, and the current appeal, not being authorized, must be dismissed. *Gable v. State*, supra; *Fullwood v. Sivley*, supra at 255.

2. Moreover, a very similar analysis shows not only that *Hicks* is inapplicable here, but also that it must be overruled in its entirety.

OCGA § 9-14-52 (b) provides that an unsuccessful post-conviction habeas petitioner who desires to appeal must file, within 30 days of entry of the final order, both a notice of appeal with the clerk of the habeas court and an application for certificate of probable cause with the clerk of this Court. Whether the petitioner is acting pro se or not, "[t]his Court cannot denigrate the General Assembly's determination by considering either a timely notice of appeal or a timely application as a mere procedural nicety." (Emphasis omitted.) *Fullwood v. Sivley*, supra at 250. Compare *Massaline v. Williams*, 274 Ga. 552 (554 SE2d 720) (2001) (not excusing the 30-day time requirement in OCGA § 9-14-52 (b), but adopting a "mailbox rule" in applying that requirement). Instead, they "are both necessary to invoke this Court's jurisdiction over an appeal from the denial of a petition

for habeas corpus." *Fullwood v. Sivley*, supra at 251. Furthermore, as noted above, no constitutional right of appeal or of counsel is implicated in this context, and we are wholly without any constitutional or other authority to waive compliance with this jurisdictional mandate. *Fullwood v. Sivley*, supra at 251-254. See also 39A CJS *Habeas Corpus* § 398 (recognizing general rule that right of appeal in habeas proceeding exists only as provided by statute and not by common law or constitutional authority).

Therefore, compliance with OCGA § 9-14-52 (b) cannot be excused for failure to abide by a judicially imposed rule that the habeas petitioner be informed of that statute's requirements. Accordingly, we hereby overrule *Hicks* and its progeny, including *Thomas v. State*, 284 Ga. 327-328 (1) (667 SE2d 375) (2008) and *Capote v. Ray*, 276 Ga. 1, 2 (1) (577 SE2d 755) (2002). See *Brown v. Crawford*, supra at 724-725 (pre-trial habeas case overruling eight prior cases which had disregarded statutory requirements for appeal).

*Appeal dismissed. All the Justices concur, except Hunstein, P. J., Benham and Thompson, JJ., who concur in part and dissent in part.*

HUNSTEIN, Presiding Justice, concurring in part and dissenting in part.

More than a decade ago, this Court adopted a rule that requires trial courts in habeas corpus cases to inform pro se prisoners of the procedure required to appeal the denial of their post-conviction habeas corpus petition. *Hicks v. Scott*, 273 Ga. 358 (541 SE2d 27) (2001). Under *Hicks*, a habeas application is not subject to dismissal for a procedural defect unless the pro se petitioner is informed of the proper appellate procedure. *Capote v. Ray*, 276 Ga. 1, 2 (577 SE2d 755) (2002). As a result of *Hicks*, habeas courts now routinely inform petitioners that they may seek appellate review by filing a written application for a certificate of probable cause to appeal with the Clerk of this Court within 30 days from the date of the trial court order. Because this court-made rule is fair and easy to administer, I dissent from Division 2.

Under our inherent rule-making power, this Court has adopted a mailbox rule that treats a pro se prisoner's document as filed on the date it is delivered to prison officials. Ga. Supreme Court Rule 13 (3) (adopted Nov. 21, 2011); see also *Massaline v. Williams*, 274 Ga. 552, 552 (554 SE2d 720) (2001) (adopting a mailbox rule for pro se prisoners seeking appellate review of their habeas corpus petitions). The rationale for this rule is that unrepresented prisoners face unique obstacles in seeking to appeal; their inability to monitor or personally deliver their appellate filings prevents them from ensuring the timely delivery of necessary documents to the clerk's office.

See id. at 553 (citing *Houston v. Lack*, 487 U. S. 266, 270-271 (108 SC 2379, 101 LE2d 245) (1988)).

Like the mailbox rule, our rule in *Hicks* acknowledges that pro se prisoners suffer inherent disadvantages in representing themselves before this Court. They have no constitutional or statutory right to counsel in Georgia habeas corpus proceedings, and the State does not provide them state-funded habeas counsel. *Gibson v. Turpin*, 270 Ga. 855, 857 (513 SE2d 186) (1999). Moreover, they often lack adequate legal materials in prison and do not have access to the many free law-related websites now available on the Internet. See Benjamin R. Dryden, Note, *Technological Leaps and Bounds: Pro Se Prisoner Litigation in the Internet Age*, 10 U. Pa. J. Const. L. 819 (2008). This inequality persuades me that this Court should continue to allow pro se prisoners a narrow exception to the time limit for the filing of applications for probable cause in this Court. See *Bowles v. Russell*, 551 U. S. 205 (127 SC 2360, 168 LE2d 96) (2007) (Souter, J., dissenting) (Court has authority to recognize equitable exception to statute's 14-day limit); see also *Fullwood v. Sivley*, 271 Ga. 248, 255 (517 SE2d 511) (1999) (Benham, C. J., dissenting) (pro se habeas corpus petitioner's substantial compliance with 30-day requirement for filing notice of application and habeas application sufficient to initiate appeal from adverse judgment).

Even though the majority today overrules *Hicks v. Scott*, I encourage trial courts to continue their current practice of advising habeas petitioners on the proper procedure for filing an appeal. It is the better practice, easily implemented, and the fair thing to do.

I am authorized to state that Justice Benham and Justice Thompson join in this dissent.

DECIDED JUNE 18, 2012.

Maureen C. Crosson, *pro se.*

*Daniel J. Porter, District Attorney, Teresa B. Klein, Assistant District Attorney,* for appellee.

*J. David Miller, District Attorney, Samuel S. Olens, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Gary D. Bergman,* amici curiae.