# Court of Appeals
# of the State of Georgia

ATLANTA,  January 22, 2015

*The Court of Appeals hereby passes the following order:*

**A15D0214.  SUZANNE SARVER v. BOYD MANAGEMENT.**

This case originated as a dispossessory proceeding in magistrate court. Following an adverse ruling, Suzanne Sarver appealed to the superior court. On December 17, 2014, the superior court ruled against Sarver, who filed this application for discretionary appeal on December 29, 2014. We lack jurisdiction.

Generally, an application for discretionary appeal must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d).  But the underlying subject matter of an appeal controls over the relief sought in determining the proper appellate procedure. See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994). The underlying subject matter of this discretionary application is a dispossessory judgment.  OCGA § 44-7-56, which governs dispossessory actions, requires that an appeal from a dispossessory ruling be filed within seven days of the date judgment was entered.  Here, however, Sarver filed her application for discretionary appeal 12 days after entry of the order she seeks to appeal.

Sarver filed a motion seeking leave to file her application late.  She mistakenly believed that the application was to be filed in superior court.  Sarver discovered on December 24th – the due date – that applications for discretionary appeal are filed in this Court.  See Court of Appeals Rule 31.  According to Sarver, she was unable to obtain the stamped order from the trial court because that court closed early on December 24th.  Because her inability to obtain the order was due to the closure of the trial court, Sarver argues that she should be given extra time in which to file her application.

The time requirement for filing a discretionary application is a jurisdictional requirement, and this Court is unable to accept an untimely application. See *Crosson v. Conway*, 291 Ga. 220 (1) (728 SE2d 617) (2012). A party may request an extension of time for filing a discretionary application, but the motion must be made on or before the due date. See Court of Appeals Rule 31 (g).

Because Sarver's request for an extension of time was not timely, her motion is hereby DENIED. The application is thus untimely, and it is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____01/22/2015_____*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

2