# Court of Appeals
# of the State of Georgia

ATLANTA, June 23, 2016

*The Court of Appeals hereby passes the following order:*

**A16D0407. CHRISTINA M. KELLY v. THE STATE.**

On February 10, 2014, Christina M. Kelly entered a non-negotiated plea of guilty to one count of violating the Georgia Racketeer Influenced and Corrupt Organizations Act and was sentenced to 20 years. Kelly subsequently filed two motions for an out-of-time appeal and a motion to set aside her conviction. On March 18, 2016, the trial court entered an order denying Kelly's motions. Kelly filed this application for discretionary appeal on May 27, 2016. We lack jurisdiction because this application is untimely.

An application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). This filing deadline is jurisdictional, and this Court is unable to accept an untimely application. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012). The denial of a motion for out-of-time appeal is directly appealable, see *Lunsford v. State*, 237 Ga. App. 696, 696 (515 SE2d 198) (1999), and, ordinarily, when a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). However, to fall within this general rule the application must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d); *Hill v State*, 204 Ga. App. 582, 583 (420 SE2d 393) (1992). Here, Kelly filed her application 70 days after the trial court's order was entered. Accordingly, the application is untimely and is hereby DISMISSED for lack of jurisdiction.



*Court of Appeals of the State of Georgia*
     *Clerk's Office, Atlanta,*_____06/23/2016_____
     *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
     *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____*Stephen E. Castlen*_____ *, Clerk.*