**WHOLE COURT**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 3, 2016**

# In the Court of Appeals of Georgia

A14A1536. IN THE INTEREST OF B. R. F., a child.

PHIPPS, Presiding Judge.

On January 14, 2013, the juvenile court terminated a mother's parental rights to her minor child, B. R. F. Over nine months later, on September 16, 2013, the mother filed an application for out-of-time discretionary review. We granted the application and affirmed the termination order. The Supreme Court granted certiorari and vacated our judgment, determining that we lacked jurisdiction to consider the application.

"A discretionary application seeking appellate review of an order terminating parental rights must be filed with the clerk of the appellate court within 30 days of

entry of the termination order."[1] The filing deadline is jurisdictional, and this Court is unable to accept an untimely application.[2] While this Court is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed "on or before the due date of the discretionary application."[3] Otherwise, we lack the authority to grant the request.[4]

Because the mother's application for discretionary review was untimely, we lack jurisdiction to consider it, and this appeal is hereby dismissed. The mother is advised, however, that "an indigent parent [may be] entitled to file an out-of-time application for discretionary review to remedy ineffective assistance of counsel if that parent was entitled to appointment of counsel as a matter of due process"[5] pursuant to *Lassiter v. Dept. of Social Svcs.*[6] To pursue such relief, the mother must first direct

---

[1] *In the Interest of B. R. F.*, 299 Ga. 294, 296 (788 SE2d 416) (2016) (citing OCGA § 5-6-35 (d)), vacating *In the Interest of B. R. F.*, 332 Ga. App. 49 (770 SE2d 912) (2015).

[2] See *B. R. F.*, supra, 299 Ga. at 298.

[3] Court of Appeals Rule 31 (g).

[4] See id.; *B. R. F.*, supra, 299 Ga. at 298.

[5] *B. R. F.*, supra, 299 Ga. at 299.

[6] 452 U. S. 18 (101 SCt 2153, 68 LE2d 640) (1981). See also *B. R. F.*, supra, 299 Ga. at 299.

her request to the juvenile court, which is tasked with initially determining the mother's rights.[7] Similarly, any argument based on statutory ineffective assistance of counsel must first be addressed to the juvenile court.[8]

If the juvenile court grants a request to file an out-of-time application for discretionary review, the mother will have 30 days from the entry of that order to file an application in this court.[9] If the juvenile court denies the request, the mother will have 30 days to file a notice of appeal from that decision.[10]

*Appeal dismissed. Andrews, P. J., Barnes, P. J., Ellington, P. J., and McFadden, Ray, and McMillian, JJ., concur.*

---

[7] See *B. R. F.*, supra, 299 Ga. at 299 (discussing the role of the juvenile court in determining whether an indigent parent is entitled to file an out-of-time application for discretionary review).

[8] See id. at 300, n. 15.

[9] See OCGA § 5-6-35 (d); see also *B. R. F.*, supra, 299 Ga. at 299 n. 13 (noting the similar process used in the criminal context, as explained in *Rowland v. State*, 264 Ga. 872 (452 SE2d 756) (1995)).

[10] OCGA § 5-6-38 (a); see also *B. R. F.*, supra, 299 Ga. at 298.