# Court of Appeals
# of the State of Georgia

ATLANTA,  January 27, 2017

*The Court of Appeals hereby passes the following order:*

**IN THE INTEREST OF: T. J. ET AL., CHILDREN (MOTHER)**

The juvenile court terminated the mother's parental rights on December 22, 2015. The mother thereafter filed a motion for new trial, which the juvenile court denied on November 29, 2016. The mother filed this application for discretionary review on December 30, 2016. Because the application was not timely filed, we lack jurisdiction.

An application is timely if it is filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). For this Court to have jurisdiction, an application for discretionary appeal must be timely filed.  See *In Interest of B. R. F.*, 299 Ga. 294, 296-298 (788 SE2d 416) (2016); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because the mother's application was filed 31 days after the juvenile court denied her motion for new trial, we lack jurisdiction.[1]

---

[1] As an exhibit to her application filed on December 30, the mother has filed a "Request to Accept Late Filing," asserting that her counsel encountered technical difficulties when attempting to file her application shortly before midnight on December 29. Even if we were to construe the mother's "Request to Accept Late Filing," as a motion for extension of time to file her application, "[n]o extensions of time shall be granted in filing a discretionary application unless the motion for extension is filed on or before the due date of the discretionary application." Court of Appeals Rule 31 (g).

Thus, this application for discretionary appeal is hereby DISMISSED.[2]



*Court of Appeals of the State of Georgia*
　　　　*Clerk's Office, Atlanta,　01/27/2017　　　　*
　　　　*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
　　　　*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[2] Even if the mother had filed her application within 30 days of the denial of her motion for a new trial, she has failed to submit a copy of that motion, in violation of OCGA § 5-6-35 (c) and Court of Appeals Rule 31 (b), which precludes us from ascertaining whether it was timely filed so as to have tolled the deadline for filing a discretionary application until December 29. See OCGA §§ 5-5-40 (a); 5-6-35 (d); *Wright v. Rhodes*, 198 Ga. App. 269, 269 (401 SE2d 35) (1990). However, we direct the mother to take note of our instruction in *In re B. R. F.*, 338 Ga. App. 762, 762-63 (791 SE2d 859) (2016) regarding the possibility of requesting to file an out-of-time application in juvenile court, to the extent such relief may be warranted under the particular circumstances of her case.