# Court of Appeals
# of the State of Georgia

ATLANTA,  November 30, 2020

*The Court of Appeals hereby passes the following order:*

## A21D0110. CHRISTOPHER BOWMAN v. THE STATE.

In 2018, Christopher Bowman pled guilty to possession with intent to distribute marijuana, possession of a controlled substance, and driving with a defective taillight. In lieu of sentencing, the trial court allowed Bowman to participate in "drug court" pursuant to a drug court contract. See OCGA §§ 15-1-15 & 16-13-2. In December 2019, Bowman was arrested on a new charge of possession with intent to distribute marijuana. The trial court held a hearing to determine whether Bowman should be terminated from drug court based on this new offense, and the court found that Bowman did commit the new offense and should be terminated from drug court. On October 2, 2020, the trial court issued a written judgment of conviction and sentence for the offenses which Bowman previously pled guilty to. On October 5, 2020, the trial court issued an order terminating Bowman from drug court. On November 5, 2020, Bowman filed this application for discretionary review, challenging aspects of the decision to terminate him from drug court and the sentence that was imposed based upon such termination. See *Andrews v. State*, 276 Ga. App. 428, 430-431 (1) (623 SE2d 427) (2005) (when a defendant is adjudicated guilty and sentenced after the trial court finds that he violated a drug court contract and revokes his probationary status, he must file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (5)).

The State has filed a motion to dismiss the application, arguing that Bowman's challenge to the October 5, 2020 order terminating him from drug court is moot because he did not timely seek appellate review of his October 2, 2020 judgment of conviction and sentence, and in light of that judgment he is ineligible for participation

in drug court. We are not persuaded that the application is moot, because in his application Bowman challenges his judgment of conviction and sentence — albeit in an untimely manner — and because the trial court first found that Bowman should be terminated from drug court before it issued the judgment of conviction, although the termination order was formally issued after the judgment. Accordingly, the motion to dismiss is hereby DENIED.

However, we lack jurisdiction because Bowman's application is untimely. To be timely, an application must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). Here, Bowman filed his application 31 days after entry of the October 5, 2020 order terminating him from drug court, and 34 days after entry of the October 2, 2020 judgment of conviction. His application is therefore untimely and subject to dismissal. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith."). Accordingly, this application is hereby DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  11/30/2020

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.



, Clerk.