# Court of Appeals
# of the State of Georgia

ATLANTA,  May 05, 2021

*The Court of Appeals hereby passes the following order:*

**A21D0292. IN THE INTEREST OF S. S., A CHILD (MOTHER).**

In this dependency proceeding, the juvenile court entered an order on March 8, 2021, which (1) denied the mother's motion for a hearing via video conferencing, (2) allowed the child to undergo a medical examination under certain conditions, and (3) directed that the child remain in the custody of the Gwinnett County Department of Family and Children Services. Thirty-two days later, on April 9, 2021, the mother filed this counseled application for discretionary review of the juvenile court's order.

The mother's counsel has filed a "motion for change of filing date due to technical issues," seeking to change her application filing date to April 7, 2021, in order to render it timely. Counsel asserts that: on April 7, 2021, she "took affirmative actions" to ensure her account with this Court's electronic filing system, eFast, worked properly, including contacting the Clerk's office, resetting her password, and logging into eFast; and on April 8, 2021, she attempted to file the application but was unable to log into eFast despite multiple attempts. In support, counsel has provided an e-mail from 4:08 p.m. on April 7, 2021, indicating that counsel had changed her eFast account password.

The juvenile court's order is subject to direct appeal. See *In the Interest of A. T.*, 309 Ga. App. 822, 824 n. 3 (711 SE2d 382) (2011) ("An order within a [dependency] proceeding deciding temporary custody of the child is a 'final order,' within the meaning of OCGA § 5-6-34 (a) (1), from which a direct appeal lies.") (punctuation omitted). Ordinarily, if a party applies for discretionary review of a directly appealable order, we grant the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of

entry of the order to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 582-583 (420 SE2d 393) (1992). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because the mother filed her application 32 days after entry of the juvenile court's order, whether we have jurisdiction turns on whether her motion for change of filing date should be granted.

Assuming that this Court has inherent authority to excuse compliance with jurisdictional requirements, such authority is necessarily limited. See, e. g., *Gable v. State*, 290 Ga. 81, 85 (2) (b) (720 SE2d 170) (2011) (in a criminal case, a court may excuse compliance with such requirements only to the extent necessary to avoid or remedy constitutional violations). Here, the only evidence of counsel's apparent attempt to file the application in a timely manner consists of an e-mail regarding counsel's eFast password from late in the afternoon on the application's due date. The burden is upon counsel, however, to maintain her eFast account and submit filings in a timely manner. See Court of Appeals Rule 46 (a) ("The filing date and time of documents filed electronically is determined in accordance with the efiling instructions. Note that filings that fail to comply with Court rules will be rejected and the filing date will be the date the item is submitted in compliance with Court rules."); Court of Appeals Rule 46 (c) ("Attorneys are personally responsible for ensuring that their eFast profile information is up to date."). If counsel encountered problems with filing the application on its due date, she had means of recourse, but she did not make use of them. See *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016) ("While this [C]ourt is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed on or before the due date of the discretionary application. Otherwise, we lack the authority to grant the request.") (citation and punctuation omitted); see also Court of Appeals Rule 46 (a) ("The Clerk of Court may grant a request for exemption from mandatory electronic filing for good cause shown. An adverse decision by the Clerk of Court may be appealed by motion via a paper filing."). In addition, as discussed below, the

mother may be entitled to file an out-of-time appeal[1] in order to remedy any constitutional violation.

Under these circumstances, changing the application filing date and excusing compliance with jurisdictional requirements is not warranted. Accordingly, it is hereby ordered that the motion for change of filing date is DENIED, and this discretionary application is DISMISSED.

The mother is advised, however, that an indigent parent may be entitled to file an out-of-time appeal to remedy any ineffective assistance of counsel if that parent was entitled to appointment of counsel as a matter of due process pursuant to *Lassiter v. Dept. of Social Svcs.*, 452 U. S. 18 (101 SCt 2153, 68 LE2d 640) (1981). To pursue such relief, the mother must first direct her request to the juvenile court, which is tasked with initially determining the mother's rights. Similarly, any argument based on statutory ineffective assistance of counsel must first be addressed to the juvenile court. If the juvenile court grants a request to file an out-of-time appeal, the mother will have 30 days from the entry of that order to file a notice of appeal. If the juvenile court denies the request, the mother will have 30 days to file a notice of appeal from that decision. See *In the Interest of B. R. F.*, 338 Ga. App. at 762-763.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  05/05/2021

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_ , Clerk.

---

[1] Again, although the mother filed an application for discretionary review of the juvenile court's March 8, 2021 order, the order is subject to direct appeal.