# Court of Appeals
# of the State of Georgia

ATLANTA,  September 15, 2021

*The Court of Appeals hereby passes the following order:*

**A22D0031. MARVIS MCDANIEL IVEY v. TESFA PROPERTIES LLC et al.**

Marvis McDaniel Ivey, proceeding pro se, has filed this discretionary application seeking review of the trial court's order allegedly denying her "Emergency Motion for Contempt Against TESFA Properties LLC" in this dispossessory action.[1] But no order has been included with the application materials.

Under OCGA § 5-6-35 (c), an applicant for discretionary appeal "shall include as exhibits to the petition a copy of the order or judgment being appealed[.]" See also Court of Appeals Rule 31 (c) ("Discretionary applications must contained a stamped 'filed' copy of the trial court's order or judgment from which the appeal is sought."). Ivey has omitted the trial court's order from the application materials in violation of the required appellate procedures.

Moreover, it is always the duty of this court to inquire into its jurisdiction. *Radio Sandy Springs, Inc. v. Allen Rd. Joint Venture*, 311 Ga. App. 334, 335 (715 SE2d 752) (2011). Based upon the materials that have been included with the application, it appears that Ivey is seeking to appeal from an order or judgment entered by the Magistrate Court of DeKalb County. But "[t]he only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b)(1), which allows for a de novo appeal to the state or superior court." *Handler v. Hulsey*, 199 Ga. App. 751 (406 SE2d 225) (1991). See also *Baker v. G. T., Ltd.*, 194 Ga. App.

---

[1] The application initially was filed in the Georgia Supreme Court. Because the jurisdiction of that Court was not invoked, the application was transferred here. See Case No. S21D1234 (transfer order entered on August 5, 2021).

450, 451 (3) (391 SE2d 1) (1990) (holding that this Court lacks jurisdiction to address the rulings of the magistrate court that were not reviewed by the state court). Because Ivey has not included the trial court's order, we are unable to confirm that jurisdiction lies in this Court.

In addition, the appeal of any judgment in a dispossessory action must be filed within seven days of the date that the judgment was entered. See OCGA § 44-7-56; *Ray M. Wright, Inc. v. Jones*, 239 Ga. App. 521, 522-523 (521 SE2d 456) (1999). Compliance with the applicable filing deadline is an absolute requirement to confer jurisdiction in this court, and we cannot grant an untimely application. See generally *State v. Wheeler*, 310 Ga. 72, 76 (3) (849 SE2d 401) (2020); *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016). In the absence of the trial court's stamped "filed" order, we cannot determine whether her application has been timely filed.

In sum, without the trial court's order, this Court is unable confirm whether we are vested with jurisdiction and we have nothing to review. This application is therefore DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,  09/15/2021

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.