# Court of Appeals
# of the State of Georgia

ATLANTA, __October 06, 2021__

*The Court of Appeals hereby passes the following order:*

## A22D0065. TIMOTHY LITTLEJOHN v. SYLVIA GOLDMAN.

Inmate Timothy Littlejohn sought to proceed in forma pauperis and file a pro se complaint against Sylvia Goldman. On August 2, 2021, the trial court entered an order denying the filing of the complaint, pursuant to OCGA § 9-15-2 (d), on the basis that the pleadings showed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that the court could grant relief against any party named in the pleadings. On September 20, 2021, Littlejohn filed this application for discretionary appeal. We lack jurisdiction.

An application for discretionary appeal must be filed within 30 days of entry of the order to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012); *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Littlejohn filed

this application 49 days after entry of the order he seeks to appeal. Accordingly, the application is untimely and is hereby DISMISSED for lack of jurisdiction.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta, ___10/06/2021_____*
*I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] To the extent Littlejohn claims that the untimeliness of his application should be excused because he allegedly did not receive proper notice of the entry of the trial court's order, such a claim is unavailing for several reasons. First, although Littlejohn asserts that the order has a "time stamp" of July 16, 2021, the record does not support this assertion, as the date above the trial court judge's signature on the order is July 30, 2021. Second, Littlejohn apparently signed his application on August 12, 2021, indicating that he promptly received notice of the entry of the order. Third, if notice of the entry of an appealable order is not given, the losing party's remedy is to file a motion to set aside, and the trial court should grant the motion and re-enter the order, whereupon the time to appeal would begin to run again. See *Syed v. Merchant's Square Office Buildings, LLC*, 354 Ga. App. 365, 366-367 (841 SE2d 8) (2020).