# Court of Appeals
# of the State of Georgia

ATLANTA,  July 14, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0369.  BEN WESTBROOK v. THE STATE.**

In 2006, Ben Westbrook pleaded guilty to aggravated assault and eight other crimes, and the trial court sentenced him to the statutory maximum on each count, to run consecutively. Westbrook appealed, and this Court affirmed his convictions in an unpublished opinion. See Case No. A13A1902 (Feb. 21, 2014). In Case No. A13A1902, this Court specifically rejected Westbrook's arguments that his sentence was void because the trial court failed to merge certain counts or because his sentences were run consecutively. In March 2023, Westbrook filed a motion to correct his sentence, raising the same arguments. The trial court denied the motion on March 21, 2023.

Westbrook thereafter filed an application for discretionary review in Case No. A23D0318. In Case No. A23D0318, Westbrook asserted that the trial court had failed to provide him with a file-stamped copy of its order denying his motion to correct his sentence, and he filed a motion to vacate and re-enter the order, which the trial court denied. Because Westbrook was challenging his sentence on the same bases he had argued in Case No. A13A1902, this Court dismissed Case No. A23D0318 on May 24, 2023. Westbrook thereafter filed this application on June 23, 2023, seeking review of the March 21 order. We lack jurisdiction.

As we stated in Case No. A23D0318, Westbrook's appeal of his sentence on the bases of merger and consecutive terms is barred by the law of the case. See *Ross v. State*, 310 Ga. App. 326, 327 (713 SE2d 438) (2011). And Westbrook "is not entitled to another bite at the apple by way of a second appeal" on this same issue. *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001). Accordingly, any further

appeals by Westbrook seeking to challenge his sentence on these bases will be dismissed.

Moreover even if this appeal was not barred by the law of the case, it is untimely. To be timely, an application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d).The failure to meet the statutory deadline for filing an application is a jurisdictional defect. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012). Because this application was filed on June 23, 2023, 94 days after trial court's March 21 order, it is untimely.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__07/14/2023_____*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*