# Court of Appeals
# of the State of Georgia

ATLANTA,  March 07, 2024

*The Court of Appeals hereby passes the following order:*

**A24D0258.  TAI'SHEREE MUSETTE GREENE v. ZACKERY WALLACE.**

On January 19, 2024, the trial court entered an order on Tai'Sheree Musette Greene's nineteenth motion for contempt. Green filed an application for discretionary review on February 21, 2024. We lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35 (d); Court of Appeals Rule 31 (a). "The filing deadline is jurisdictional, and this [C]ourt is unable to accept an untimely application." *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016) (footnote omitted); see *Crosson v. Conway*, 291 Ga. 220, 221 (1) (728 SE2d 617) (2012) ("Courts have no authority to create equitable exceptions to jurisdictional requirements imposed by statute. Instead, Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal.") (citation and punctuation omitted).

Greene attempted to e-file her application on February 20, 2024, which was the deadline to file a timely discretionary application.[1] However, she ran into technical difficulties both before and after the clerk's office closed, and she was not able to e-file

---

[1] The 30th day after January 19, 2024, fell on Sunday, February 18. "When a filing deadline falls on a Saturday, Sunday, an official state or national holiday, or a time when the Clerk's office is closed for an emergency (such as inclement weather), the deadline is extended to the next business day." Court of Appeals Rule 3. Because Monday, February 19, 2024, was a national holiday, the filing deadline was extended to February 20.

her application. See Court of Appeals Rule 4 (d) ("Efiled documents shall be deemed submitted on the date they are filed, up to 11:59 p.m., as long as they comply with this Court's rules[.]"); Court of Appeals Rule 1 ("The Clerk's office shall be open Monday through Friday from 8:30 a.m. to 4:30 p.m. EST/EDT."). On February 21, 2024, Greene paper filed her application. See Court of Appeals Rule 4 (a) ("[A] paper filing will be deemed filed in the Court of Appeals on the date and time it is physically received in the office of the Clerk of the Court of Appeals . . .").

Along with her application, Green has filed a request for an extension of time, in which she asks that the Court change the filing date of her application to February 20, 2024. "While this [C]ourt is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed on or before the due date of the discretionary application. Otherwise, we lack the authority to grant the request." *B. R. F.*, 338 Ga. App. at 762 (punctuation and footnotes omitted); Court of Appeals Rule 16 (c) ("Requests for extensions of time to file discretionary applications . . . . must be made prior to the expiration of the period for filing as originally prescribed.").

Because Green did not seek an extension on or before February 20, 2024, we are not able to grant her request for an extension of time or otherwise change the filing date of her application, and her motion is hereby DENIED. Without an extension of time, her application filed on February 21, 2024, is untimely, and it is hereby DISMISSED. See *Crosson*, 291 Ga. at 221 (1); *B. R. F.*, 338 Ga. App. at 762. See also OCGA § 5-6-35 (d).



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,* 03/07/2024

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.