# Court of Appeals
# of the State of Georgia

ATLANTA,  August 07, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0015. WILLIAM D. BENNETT v. THE STATE.**

William D. Bennett filed a motion to set aside void judgment, requesting that the trial court set aside his probation revocation order. The trial court denied the motion on May 8, 2024, and Bennett filed an application for discretionary appeal therefrom on July 22, 2024.[1]

To be timely, an application for discretionary review must be filed within 30 days of entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). As this application was filed 75 days after entry of the order Bennett seeks to appeal, it is untimely and is hereby DISMISSED. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith.").



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  08/07/2024*

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, *Clerk.*

---

[1] Bennett filed an application for discretionary review from the order revoking his probation. That application was dismissed for lack of jurisdiction because it was filed 588 days after entry of the order revoking his probation. See *Bennett v. State*, Case No. A24D0145 (Nov. 14, 2023).