# Court of Appeals
# of the State of Georgia

ATLANTA,  March 18, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0292. FRANCIS X MOORE v. PREMIER PROFESSIONAL SERVICES, LLC.

In this dispossessory action, Francis Moore timely requested an extension of time to file his application for discretionary review of the superior court's February 18, 2025 order, and this Court granted him leave to file until March 6, 2025. See Case No. A25E0076 (Feb. 26, 2025). On March 7, 2025, Moore filed his application for discretionary review. As explained below, we lack jurisdiction to consider this application.

Ordinarily, appeals in dispossessory actions must be filed within seven days of the date the judgment was entered. See OCGA § 44-7-56; *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 335-336 (715 SE2d 752) (2011). However, this Court may, in its discretion, extend this deadline a single time. See OCGA § 5-6-39; Court of Appeals Rule 16 (c). The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance with the applicable deadline. See *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Because Moore failed to file his application by March 6, 2025, it is untimely.

Along with his application, Moore has filed a motion to change the filing date. "While this [C]ourt is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed on or before the due date of the discretionary application. Otherwise, we lack the authority to grant the request." *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016)

(citation and punctuation omitted); see also Court of Appeals Rule 16 (c) ("Requests for extensions of time to file discretionary applications . . . . must be made prior to the expiration of the period for filing as originally prescribed.").

Because Moore did not seek an extension on or before March 6, 2025, and because we have already granted him an extension, we are not able to grant his request for an extension of time or otherwise change the filing date of his application, and his motion is hereby DENIED. As Moore's application is untimely, this Court is without jurisdiction to consider it. Accordingly, this application is hereby DISMISSED.

Finally, we note that Moore filed three emergency motions. This Court's Rule 40 (b) emergency powers are limited and intended to be used sparingly. Rule 40 (b) provides, in relevant part, that we may only "issue such orders or give direction to the trial court as may be necessary to preserve jurisdiction of an appeal or to prevent the contested issue from becoming moot." Because this Court is without jurisdiction to consider Moore's application, his emergency motions are hereby DENIED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*  03/18/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*