# Court of Appeals
# of the State of Georgia

ATLANTA,  July 15, 2025

*The Court of Appeals hereby passes the following order:*

## A25D0451. RYAN BRUCE v. LAUREN EVANS.

Lauren Evans and Ryan Bruce were divorced in April 2023 pursuant to a final judgment and decree of divorce that incorporated the parties' settlement agreement. That agreement allowed Bruce to remain in the couple's marital home, but required him to pay Evans one-half of the marital equity in that residence. If Bruce failed to make the required payment by April 1, 2024, the agreement required that the marital home be put up for sale by May 1, 2024. After Bruce failed to make the required payment or place the home on the market, Evans filed the underlying action for contempt. Following a final hearing at which Bruce failed to appear, the trial court entered an order on April 1, 2025, finding Bruce in contempt and ordering him to vacate the home within 14 days. Bruce then filed a motion under OCGA § 9-11-60 (d) seeking to set aside the contempt order.  The trial court denied the motion to set aside, and Bruce filed a motion for reconsideration of that order. After the trial court denied the motion for reconsideration,  Bruce filed a direct appeal of the contempt order and the orders denying his motion to set aside the judgment and his motion for reconsideration. On June 17, 2025, we dismissed Bruce's direct appeal for lack jurisdiction.[1]  The following day, Bruce filed the current application for discretionary

---

[1] The dismissal order explained that orders holding a person in contempt of a divorce decree, as well as orders denying a motion to set aside, must be initiated by filing an application for discretionary review. See OCGA § 5-6-35 (a) (2), (a) (8), (b). *Bruce v. Evans*, Case No. A25A1916 (June 17, 2025). We further explained that a denial of a motion for reconsideration is not directly appealable.

appeal, seeking review of the contempt order. Again, however, we lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of the entry of the order, decision, or judgment sought to be appealed. OCGA § 5-6-35 (d). This statutory deadline is jurisdictional, and this Court cannot accept an application for appeal not made in compliance with OCGA § 5-6-35 (d). See *In the Interest of B. R. F.*, 299 Ga. 294, 298 (788 SE2d 416) (2016) (holding that an appellate court lacks jurisdiction over an untimely application for discretionary appeal). Bruce failed to meet the statutory deadline, as he did not file his application until 78 days following entry of the contempt order. Despite this failure, Bruce argues that given his timely filing of a direct appeal, we should accept his late filing of the application. We are without authority to do so. Under this Court's rules, "[n]o extensions of time will be granted to file a discretionary application unless a motion for extension is filed on or before the application due date." Court of Appeals Rule 31 (h). See also OCGA § 5-6-39 (d) (a request for an extension of time "must be made before expiration of the period for filing as originally prescribed[.]" ) Given that Bruce's application for discretionary appeal is untimely, we are without jurisdiction to consider it. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012) ("A failure to meet the statutory deadline for filing a discretionary application, which is 30 days under OCGA § 5-6-35 (d) plus any proper extensions pursuant to OCGA § 5-6-39, is a jurisdictional defect.").

Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,___07/15/2025_____*

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*