# Court of Appeals
# of the State of Georgia

ATLANTA, December 01, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0196. KEVIN LIN v. ZHENG YUAN.

On October 14, 2025, the superior court entered a final divorce decree dissolving the marriage of Kevin Lin and Zheng Yuan. Thirty-one days later, on November 14, 2025, Lin filed this application for discretionary appeal, seeking to appeal the superior court's judgment. We lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35(d); Court of Appeals Rule 31(a). "The filing deadline is jurisdictional, and this [C]ourt is unable to accept an untimely application." *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016); see also *Crosson v. Conway*, 291 Ga. 220, 221 (1) (728 SE2d 617) (2012) ("Courts have no authority to create equitable exceptions to jurisdictional requirements imposed by statute. Instead, Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal.") (citation and punctuation omitted).

Lin attempted to e-file his application on November 13, 2025, which was the deadline to file a timely discretionary application. However, his certificate of service failed to comply with this Court's Rule 6(b)(2),[1] and he was not able to e-file his application. See Court of Appeals Rule 6(d) ("Any document without a certificate of

---

[1] Rule 6(b)(2) provides that the certificate of service attached to a filing made upon opposing counsel or parties by electronic service "shall state, in substance: 'I certify that there is a prior agreement with (insert party or law firm name) to allow documents in a PDF format sent via email to suffice for service.'"

service or otherwise not in compliance with this rule shall not be accepted for filing.").

On November 14, 2025, Lin filed his application and exhibits with a compliant certificate of service, along with a request that the Court change the filing date of his application to November 13, 2025. "While this [C]ourt is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed on or before the due date of the discretionary application. Otherwise, we lack the authority to grant the request." *In the Interest of B. R. F.*, 338 Ga. App. at 762 (citation and punctuation omitted); Court of Appeals Rule 16(c) ("Requests for extensions of time to file discretionary applications . . . must be made prior to the expiration of the period for filing as originally prescribed."). Because Lin did not seek an extension on or before November 13, 2025, we are not able to extend the time for filing or otherwise change the filing date of his application, and his request is hereby DENIED. Without an extension of time, Lin's application filed on November 14, 2025, is untimely, and it is hereby DISMISSED. See *Crosson*, 291 Ga. at 221 (1); *In the Interest of B. R. F.*, 338 Ga. App. at 762. See also OCGA § 5-6-35 (d).



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,___12/01/2025_____

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.