# Court of Appeals
# of the State of Georgia

ATLANTA, <u>December 09, 2025</u>

*The Court of Appeals hereby passes the following order:*

## A26D0206. MALGORZATA ILKOWSKA v. BARTOSZ ILKOWSKI.

On October 16, 2025, the superior court entered an order denying Malgorzata Ilkowska's motion for new trial following the entry of a final divorce decree dissolving the marriage of Ilkowska and Bartosz Ilkowski. Thirty-four days later, on November 19, 2025, Ilkowska filed this pro se application for discretionary appeal, seeking to appeal the superior court's judgment. We lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order or judgment to be appealed. OCGA § 5-6-35(d); Court of Appeals Rule 31(a). "The filing deadline is jurisdictional, and this [C]ourt is unable to accept an untimely application." *In the Interest of B. R. F.*, 338 Ga. App. 762, 762 (791 SE2d 859) (2016); see also *Crosson v. Conway*, 291 Ga. 220, 221 (1) (728 SE2d 617) (2012) ("Courts have no authority to create equitable exceptions to jurisdictional requirements imposed by statute. Instead, Georgia courts may excuse compliance with a statutory requirement for appeal only where necessary to avoid or remedy a constitutional violation concerning the appeal.") (citation and punctuation omitted). Pro se parties may file applications either electronically or as paper documents. See Court of Appeals Rule 31(g)(1).

Ilkowska attempted to e-file her application on November 17, 2025, which was the deadline to file a timely discretionary application. However, she had not obtained a nonattorney filing ID number and registered with the Court's E-Fast system, as required to file her application electronically. Consequently, she was not able to e-file her application within the time allowed. On November 19, 2025, Ilkowska filed her

application and exhibits as paper documents in the Clerk's office, along with a request that the Court change the filing date of her application to November 17, 2025. "While this [C]ourt is authorized to grant an extension of time for the filing of an application for discretionary appeal, requests for extensions must be filed on or before the due date of the discretionary application. Otherwise, we lack the authority to grant the request." *In the Interest of B. R. F.*, 338 Ga. App. at 762 (citation and punctuation omitted); Court of Appeals Rule 16(c) ("Requests for extensions of time to file discretionary applications . . . must be made prior to the expiration of the period for filing as originally prescribed."). Because Ilkowska did not seek an extension on or before November 17, 2025, we lack the authority to extend the time for filing her application, by changing the filing date of her application or otherwise, and her request to change the filing date is hereby DENIED. Without an extension of time, Ilkowska's application filed on November 19, 2025, is untimely, and it is hereby DISMISSED. See *Crosson*, 291 Ga. at 221 (1); *In the Interest of B. R. F.*, 338 Ga. App. at 762. See also OCGA § 5-6-35(d).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 12/09/2025

     *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

     *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.